# MARY A. ALEXANDER

*v.*

# PRESIDENT AND TRUSTEES OF TOWN OF MT. STERLING.

1. EXPERT TESTIMONY. The question whether a sidewalk made of rough plank, laid on stringers, is properly constructed or not, is not a question for an expert altogether, only to be put to and answered by one who has a reputation for skill in such work, and in the handling of tools, and quality and adaptation of materials.

2. Any man of common sense and ordinary observation and experience, can pronounce as satisfactorily upon such a question as the most accomplished mechanic, and it is error to exclude such testimony from the jury.

3. INSTRUCTIONS—*erroneous, where there is no evidence on which to found them.* An instruction that the jury should find in a particular way, if they believe certain specified facts, is erroneous, if there is a want of evidence of the existence of any material part of such specified facts.

4. MUNICIPAL CORPORATIONS — *notice of the condition of its sidewalks defectively constructed.* Where the injury complained of is occasioned by reason of the negligent and improper manner of constructing a sidewalk, no notice of its condition is necessary to make the town liable for the injury, as it is the duty of the town to take notice of the condition of its own sidewalks when they are so defectively and improperly constructed.

WRIT OF ERROR to the Circuit Court of Brown county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

Mr. W. L. VANDEVENTER, for the plaintiff in error.

Mr. J. M. LOWRY, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action against a municipal corporation, for negligence for defectively constructing a sidewalk, and for negligence in failing to keep it in repair, after knowledge of their defects, by which injury resulted to the plaintiff, walking upon it with due care and caution.

The jury, under instructions of the court, found the defendant corporation not guilty, and rendered judgment against the plaintiff for the costs.

To reverse this judgment, the plaintiff brings the record here by writ of error, and assigns, among others, as errors, the misdirection of the court in the charge to the jury, and that the verdict is contrary to the evidence.

There was much testimony in the cause, which we have carefully read and considered, and are satisfied it preponderates greatly in favor of the plaintiff. If a case of negligence by a municipal corporation can not be established by such evidence as appears in this record, it is idle, and a waste of labor and money, to institute such actions. We think the negligence was abundantly established.

The question whether a sidewalk made of rough plank, laid on stringers, is properly constructed or not, is not a question for an expert altogether, only to be put to and answered by one who has a reputation for skill in such work, and in the handling of tools, and quality and adaptation of materials. Any man of common sense, of ordinary observation and experience, can pronounce as satisfactorily upon such a question as the most accomplished mechanic. When, therefore, Lynch, a witness for plaintiff, had testified he knew the manner in which this sidewalk was built, and plaintiff then proposed to prove by him the mode of building it was unsafe and dangerous, the court erred in sustaining the objection made by defendant to this testimony. It was a question any sensible man could answer. On cross-examination, the wit-

ness' knowledge or ability to pronounce upon the mode, could have been fully tested. The evidence ruled out tended to prove the matters in issue, and should have gone to the jury. *Prather* v. *Vineyard*, 4 Gilm. 40.

The court, at the instance of the defendant, instructed the jury. if they believed, from the evidence, that the corporate authorities of the town were in the habit, by their proper officers, of making examination of the sidewalk in question, and making all necessary repairs to the same, and that such examination and repair had been made but a few days before the accident alleged to have occurred, and that at the time of such accident said authorities did not know of, did not have reason to suspect the existence of, and could not, with reasonable care and examination of said sidewalk, have discovered the defect complained of, then the jury should find for the defendant.

Plaintiff in error objects to this instruction, and on a very obvious ground—one often stated by this court and always insisted upon—and that is, there is no evidence on which to found a very material part of the instruction, and which being given to the jury would very much influence them to find for the defendant. It is this: "and that such examination and repair had been made but a few days before the accident," etc. We have examined the record carefully on this point, and find no testimony in it going to show the authorities had examined and repaired this sidewalk within a few days prior to the accident. The witness Wright, examined on this point, testified, on his cross-examination by plaintiff, he could not say or state when he first examined or repaired said sidewalk, nor when he last examined or repaired it before the accident to plaintiff, but that he had examined and repaired it several times. Had this sidewalk been repaired but a few days before the accident, it would go far to exonerate the defendant from the charge of negligence, and the instruction must have contributed to that result.

Plaintiff in error complains that the eleventh instruction asked, on her behalf, was refused by the court.   That instruction is as follows:

"If the jury find. from the evidence. that the mode or manner in which the sidewalk in question was originally built and thereafter continued, was so unskillful, negligent. and improper, as to render it unsafe and hazardous for persons to pass along the same, the said defendant was bound to take notice of its condition. and liable to damages to any person, using ordinary care. who sustains personal injury in consequence of the unsafe condition of said sidewalk."

This instruction was evidently drawn as applicable to the fifth count of the declaration, and goes to the original construction of the sidewalk.   For the proper construction of this sidewalk, it is not denied the town authorities were responsible.   They should see to it that such structures are properly made and reasonably safe, and they must be kept so. They, being the projectors of them and the builders of them, are, in law, held to a knowledge of their original condition. It would be absurd to say, they must have notice of the original defect, when they themselves are the authors of the defect.   Why notice to a party, of original defects in a work he is bound to make safe and reasonably free from defects? The town being in fault at the outset, no notice was necessary. *Springfield* v. *LeClaire*, 49 Ill. 476 ; *City of Chicago* v. *Johnson*, 53 ib. 91.   The charge in this count was, that the original construction was defective, and it was so continued.   The jury, therefore, should have been instructed as asked in the eleventh instruction.   If it be claimed that the third instruction of plaintiff covered all that was contained in the eleventh, an examination will show it does not go so far.   The third only goes to the original construction, whilst the eleventh comprehends that, and also the continuance of the defective structure, up to the time of the accident.

24—71ST ILL.

The court, of its own motion, gave two instructions to the jury, the second of which is, in part, objectionable, in telling the jury, if a sidewalk is in good repair and safe, and it, by accident, or from any unknown cause, gets temporarily out of repair, by the loosening of a board, they must repair it within a reasonable time after notice is given. There is a clear intimation in this part of the instruction, that this sidewalk got out of repair by accident, or was only out of repair temporarily, etc. We do not find any evidence which can give support to this part of the instruction, and it was well calculated to mislead the jury. The evidence went to show an original defective construction of the sidewalk, and that it was in a defective condition for several years, and not shown to have been caused by accident or an unknown cause. The weight of the testimony was in another direction. It tended to show an original defective construction, and the continuance of it by the authorities, it becoming more defective year after year, they well knowing its condition.

For the reasons given, the judgment must be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*