### Libby, McNeill & Libby v. Mary E. Banks.

1.  NEGLIGENCE—*Never Presumed.*—Negligence is never presumed; it may not be inferred from the fact of injury alone, but from evidence of the injury, and the facts and circumstances under which it occurred, the jury may in some cases draw the inference that the injury was the result of negligence.

2.  MASTER AND SERVANT—*Master Must Furnish the Servant a Safe Place in Which to Work.*—It is the duty of the master to furnish the servant a safe place in which to work.

Trespass on the Case, for personal injuries.   Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding.   Heard in the Branch Appellate Court at the October term, 1902.   Affirmed.   Opinion filed October 30, 1903.   Rehearing denied November 24, 1903.

Appellee, in the Superior Court, in an action on the case for personal injuries against appellant, had a verdict for $7,000.   The trial court overruled a motion for a new trial and rendered judgment on the verdict, to reverse which this appeal is prosecuted.

Appellant owns and operates a large packing house. Appellee was in its service as a sweeper and cleaner. In the proper discharge of her duty appellee went under a platform in the packing house to sweep, and while there it fell upon her and inflicted the injuries complained of.

In appellant's brief this platform is described as follows:

"The loft consisted of a platform eight feet from the floor. It was about sixteen feet long and approximately sixteen feet wide. It was supported at the four corners and braced by supports coming down from the ceiling to the sides. The platform in its length ran north and south. Attached to the south supports and also to the north supports were planks running parallel with the floor and eight feet above the floor, which acted as joists at either end for the support of some 4 x 4 beams, which ran north and south and supported the weight of the material in the loft; some boards were scattered loosely on these 4 x 4's, forming a sort of temporary flooring. There is some testimony indicating that there were also some little iron braces, consisting of rods attached to the wall and also to the side of the platform, to prevent the vibration of the platform. The platform was not to exceed two years old at the time the accident happened, it having been built in 1899."

This description we adopt, but will call the perpendicular supports posts, the horizontal planks which were attached to the posts beams, and the 4 x 4 pieces of scantling which were laid upon the beams, joists. The joists were not let into or in any way fastened to the beams and we may therefore consider the beams and posts as the frame of the platform.

There is a conflict in the testimony as to the size of the beams and posts.

The witnesses called by appellant testified that each beam consisted of two 2 x 6 Norway pine planks placed on edge one on top of the other; that the posts were Norway pine 8 x 10, extending to and supporting the roof, and were in place before the platform was built; that the beams at each end were spiked and securely fastened to a post. Four witnesses called by appellee testified that the posts were 2 x 4 and extended from the floor only to the platform, and some of them testified that the beams were 2 x 4.

When the platform was built it was intended to support pieces of beef while drying, to make dried beef. There were about fourteen joists, and to them hooks were attached and to these hooks the pieces of beef were hung. The platform had for some time before the injury been used for the storage of articles used in making mincemeat. On the day of the injury and for two days before, four men had been engaged in taking from the platform articles stored thereon. On the platform at the time of the injury were packages of cartons, tables, presses, a water tank, half and quarter barrels. The weight of these articles, of the men on the platform and of the joists, was at least 4,000 pounds. The weight of the joists and the articles on the platform before any were removed was 5,000 pounds or more. It does not clearly appear what part of the structure first broke or gave way. Two witnesses called by appellant, neither of whom saw the platform fall, testified that they found that the beam on the north side of the platform broke about two and a half feet from the post at the northeast corner; that it was a clean diagonal break and that the timber at the place of fracture appeared sound. They do not testify that no other timbers were broken and for aught that appears in their testimony the breaking of the beam may have been the result, not the cause, of the fall of the platform. For appellee a witness testified that he saw the platform fall; that the two posts on the north side of the platform broke at the same time, and the platform fell. Another witness testified that he saw in the wreck broken 2 x 4's.

F. J. Canty and J. A. Bloomingston, attorneys for appellant.

Richolson & Levy, attorneys for appellee; C. Stuart Beattie, of counsel.

Mr. Justice Baker delivered the opinion of the court.

The first error assigned is that the verdict is against the evidence. Whether the frame of the platform was constructed as claimed by appellant or as claimed by appellee

was, under the evidence, a question of fact for the jury. This is conceded by counsel for appellant. Their position as stated in their brief is that " it makes no difference whether the posts were 2 x 4's or 8 x 10's, or whether they were braced or not.   *   *   *   There is nothing in the evidence from which the jury could infer that 2 x 4 planks eight feet high, braced as plaintiff's witnesses braced them, would not support the weight placed uponthem."

The duty that appellant owed to appellee was to furnish her a reasonably safe place to work.    The declaration charges in different counts negligence in the construction, in the care, in the use, in failing to inspect the platform and in overloading it.    Appellant denied the charges of negligence and the burden of proving negligence was upon appellee.

Negligence is never presumed; it may not be inferred from the fact of injury alone, but from evidence of the injury and the facts and circumstances under which it occurred the jury may in some cases draw the inference that the injury was the result of negligence.

In this case there were before the jury the fact that the frame of the platform gave way and the platform fell; that it fell under usual, not unusual circumstances, under conditions that appellant was bound to expect and take reasonable care to provide for, not extraordinary, or not to be expected, conditions.    They had also the fact that the frame of the platform was built to support joists or " dry poles," to which small pieces of beef were hung to dry; that in such use there would be little or no jar and the strain or pressure would be uniform and steady in proportion to the weight carried.    The jury might properly consider the facts proven in the light of their common knowledge as to the strength of such a structure as they found from the evidence the platform was, and the effect upon such a structure, of men being upon it for days before it fell, taking down and removing therefrom articles of considerable weight.

Appellant, at the close of appellee's case, asked the court

to direct a verdict of not guilty.   The court denied their motion, and in so doing in effect held, and in our opinion properly held, that appellee had made out a case from which the jury might properly find that appellant was guilty of negligence, causing the injury as charged in the declaration.   The evidence on the part of appellant did not go at all to the question of the strength or fitness for the uses to which it was put, of such a platform as the testimonies for appellee tended to show the platform in question was, but tended to show that the platform which fell was a very different and much stronger structure than the one described by appellee's witnesses; that the beams were 2 x 12, in place of 2 x 4—that they were supported by 8 x 10, not 2 x 4 posts.

The question thus presented was a question of fact, upon which the verdict of the jury is conclusive.   In our opinion the record does not present a case in which this court can say that the verdict is against the evidence, or that it is not supported by sufficient evidence.

We find no error in the proceedings at the trial or in the refusal to give certain instructions for appellant which the court refused to give.   In view of the nature of appellee's injury, the fact that it has resulted in disability to do any kind of work and in the loss of an eye, we can not say that the damages awarded are excessive.

The judgment will be affirmed.