August Linquist, Appellee, v. Stewart Hodges, Appel-
lant. On Appeal of Rodman Brown et al.

Gen. No. 14,912.

1. PLEADING—*effect of dismissal as to one defendant.* If an ac-
tion on the case is dismissed as to one defendant, the effect is to
eliminate from the declaration all averments which refer to the
defendant so dismissed out of the case.

2. NEGLIGENCE—*when notice need not be alleged.* Where the
declaration alleges that the master through his servants negligently
laid brick, *held,* not necessary to allege knowledge of notice that
such brick were negligently laid.

3. NEGLIGENCE—*obligation of care by person in control of prem-
ises.* A person in control of premises is under the obligation to use
reasonable care to avoid injuring a person while he is on such
premises engaged in the performance of his duties under his em-
ployment to do work upon such premises.

4. MASTER AND SERVANT—*fellow-servant rule defined.* To create
the relation of fellow-servants the servants must be directly co-op-
erating with each other in the particular work at the time of the
injury, or their usual duties must be such as to bring them into
habitual association so as to afford them the power and opportunity
to exercise a mutual influence upon each other promotive of proper
caution.

5. MASTER AND SERVANT—*who not fellow-servants, as a matter of
law.* *Held,* under the evidence, that carpenters and bricklayers
were not fellow-servants, as a matter of law.

Action in case for personal injuries. Appeal from the Superior
Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge,
presiding. Heard in this court at the October term, 1908. Affirmed.
Opinion filed February 10, 1910.

Statement by the Court.   Appellee as plaintiff
brought an action on the case against appellant and
certain others, defendants, to recover damages for
personal injuries. Before trial plaintiff dismissed as

to all the defendants except Hodges, the appellant here, but no formal amendment of the declaration was made. The jury found Hodges guilty and assessed plaintiff's damages at $6,000. The court denied defendant's motions for a new trial and in arrest and gave judgment on the verdict and the defendant appealed.

FRANK M. COX and R. J. FELLINGHAM, for appellant; FYFFE & ADCOCK, of counsel.

GEORGE E. GORMAN and McGOORTY & POLLOCK, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

By dismissing as to the defendants other than Hodges the averments of the declaration as to the defendants as to whom the suit was dismissed were, in effect, eliminated from the declaration and will be disregarded. Omitting the averments which refer only to such defendants and treating the averments which include Hodges as referring to him alone, the first count of the declaration avers: that the defendant on, etc., was engaged in constructing a certain building; that plaintiff was then and there working for the defendant in doing certain carpenter work on said building; that it was the duty of defendant to use due care, etc.; that defendant neglected his duty, and through certain of his servants, who were not fellow-servants of the plaintiff, negligently and carelessly placed and left in position in said building certain brick over the main entrance thereof in such position and with so much overhang beyond the face of the wall of said building that the same were caused to fall by the force of gravity; that the plaintiff did not know and in the exercise of reasonable care could not have known of such negligence, nor of the said conditions therein complained of; that while plaintiff was on the sidewalk in front of the main entrance to said building, in the

exercise of reasonable care, etc., a large number of said brick fell on him by reason of the negligence of the defendant aforesaid, and injured him, etc.   The averments of the other counts of the amended declaration, with the exception of the averment as to negligence, are similar to those of the first.

The negligence alleged in the second count is that all the brick which fell on plaintiff were laid lengthwise, parallel with the face of the wall, instead of laying the first course thereof at right angles with said wall.

The negligence alleged in the third count is that mortar was used in too great a quantity in laying said brick, thereby causing the brick to be insecure.

The negligence alleged in the fourth count is that defendant negligently employed incompetent servants to lay said brick, etc.   This count may be disregarded as there is no evidence in the record tending to prove its allegations.

The negligence alleged in the fifth count is that the defendant negligently, etc., laid said brick with too great an overhang or extension beyond the face of the wall of the building, with the lower course laid with the greatest length of the brick parallel with the wall, instead of at right angles therewith, and used too much mortar in laying said brick, whereby they became wet and insecure in their position, etc.

There is no averment in any count that the defendant Hodges knew of the alleged negligent laying of the brick in question.   But each count alleges that Hodges, through his servants, negligently laid said brick, and it was not necessary, therefore, to allege that he had knowledge or notice that the brick were negligently laid.   Alexander v. Mt. Sterling, 71 Ill. 366; Jefferson v. Chapman, 127 id. 438; C. & E. I. R. R. v. Hines, 132 id. 161; Sargent Co. v. Baublis, 215 id. 428, 433.

Each count sufficiently alleges that plaintiff was in the service of Hodges.   From the relation of master

and servant the law imposed on defendant the duty to use reasonable care to avoid injuring plaintiff while in the discharge of his duties. Each count alleges that the defendant, through his servants, etc., negligently laid certain brick, and that by reason of such negligence the brick fell on plaintiff and injured him. The contention that the declaration does not sufficiently allege negligence on the part of Hodges, and that because of such negligence plaintiff was injured, cannot be sustained.

Plaintiff put in evidence a contract in writing between Hodges on the one part and Rodman M. Brown and Emmett M. Read on the other part, dated June 1, 1906, containing the following provisions:

"(1) Said Stewart Hodges does hereby employ Rodman M. Brown and Emmett M. Read to superintend the mason, concrete and carpenter work for the four story and basement fire-proof factory building, including boiler and engine house and dry kiln in process of erection at the corner of Sheffield and Fullerton avenues, Chicago, for the Eugene Dietzgen Company.

"(2) Said Stewart Hodges does hereby lease from said Brown and Read all tools and equipment necessary for the completion of the work on the said building.

"(3) Said Brown and Read agree to devote all their time from June 1st, 1906, to the date of completion of said work on said building in carrying on said work upon said building, according to instructions of said Hodges, and said Brown and Read agree to lease all tools and equipment necessary for the completion of said work from June 1st, 1906, until completion of said work, to said Hodges.

"(4) Said Hodges agrees to pay for the services of said Brown and Read, and for the leasing of tools and equipment necessary to carry on the work, the sum of $23.00 per day until completion of the building, provided that said Brown and Read shall not receive any compensation for services rendered after August 1st, 1906, if work on said factory building is not before that time completed. The payment for said

services and rental of equipment to be made when work is completed and accepted by Eugene Dietzgen Company.

"(5)   If work should be completed before August 1st, 1906, then Brown and Read shall receive $23.00 per day for each day there remains between the date of completion of said work and the first day of August."

Hodges was not called as a witness, and the only evidence tending to show his relation to the building or the owner thereof is said written contract. Emmett M. Read testified that he employed Sutherland as carpenter foreman, plaintiff as his assistant, and Hoffner as foreman of the brick layers; that Sutherland hired the carpenters and Hoffner the brick layers. Read and Brown, by the terms of the written contract, were employed by Hodges to superintend the mason, concrete and carpenter work on said building, and for their services Hodges agreed to pay them the compensation stated in said contract. When Read employed plaintiff he employed him for Hodges to work for Hodges. When Sutherland employed a carpenter to work on said building, he employed him to work for Hodges. When Hoffner employed a brick layer to work on said building, he employed him to work for Hodges. On the evidence in the case Hodges was the general contractor for the mason, concrete and carpenter work of the building, was the employer of plaintiff and of the brick layers, and charged by law with the duty of a master and employer to plaintiff as his servant and employe. If the brick layers in the service of Hodges negligently laid the brick which fell on and injured plaintiff, their negligence was the negligence of Hodges, for the consequences of which he was liable to plaintiff unless the brick layers and plaintiff were fellow servants.

Appellant contends that from the evidence the jury might not properly find that the brick layers, in laying the brick which fell on plaintiff, were guilty of

negligence, and that if they were guilty of negligence, they and plaintiff were fellow servants.

The building has a frontage on Fullerton avenue of one hundred and twenty feet and a depth of sixty feet and was to be four stories high. The front wall was of brick faced with pressed brick, and when the accident occurred was about eighteen feet high. There was an opening in the front wall thirteen feet wide, intended for the main entrance to the building from Fullerton avenue. Sixteen feet above the ground this space was spanned by a concrete lintel. On this lintel as a base two brick layers proceeded to lay the pressed brick face of the wall. The bricks were 8 inches long, 2 1/4 inches thick and 4 inches wide. Six courses of brick were laid before the accident occurred. All of the brick in each course were laid with the long way of the brick parallel with the lintel. The first course projected an inch and a half beyond the outer edge of the lintel. The second, third, fourth and fifth courses were laid directly above the first, and the sixth course projected an inch beyond the outer face of the fifth. The wall thus laid up was thirteen feet long and four inches thick, with an overhang of an inch and a half at the base and a further overhang of an inch at the top of the fifth course. It was not backed up, tied, or anchored in any way. The brick were laid, not in mortar, but in black putty. The two brick layers had laid the sixth course and placed on it brick intended for the seventh when, without anything unusual occurring from which the application of external force to the wall could be inferred, twelve feet in length of the wall fell. Plaintiff was on the ground beneath the wall in the discharge of his duties, and was struck and injured by some of the brick.

Hodges owed to the plaintiff the duty to use reasonable care to avoid injuring him while he was on the premises where he had been employed to work, engaged in the performance of his duties under his employment. The negligence of the brick layers in

the course of their employment was, as has been said, the negligence of Hodges.

Libby et al. v. Banks, 110 Ill. App. 330, was an action by a servant against a master to recover for personal injuries. Plaintiff, a sweeper, went under a platform on which heavy articles had been stored, to sweep and the platform fell on her and injured her. There was no direct evidence as to what caused the platform to fall. Plaintiff had judgment, the judgment was affirmed by this court and on further appeal the judgment of this court was affirmed by the Supreme Court. Libby v. Banks, 209 Ill. 109. In the opinion in that case we said, p. 333: ''Negligence is never presumed. It may not be inferred from the fact of injury alone, but from the evidence of the injury and facts and circumstances under which it occurred, the jury may in some cases draw the inference that the injury was the result of negligence. In this case there were before the jury the facts that the frame of the platform gave way, and the platform fell; that it fell under usual, not unusual circumstances, under conditions that appellant was bound to expect and take reasonable care to provide for, not extraordinary or not to be expected conditions,  *  *  *  the jury might properly consider the facts proven in the light of their common knowledge.''

In this case there were before the jury the facts that the wall was but four inches thick; that the first course projected beyond the edge of the lintel an inch and a half, so that its center of gravity, so long as it was carried up plumb, was only half an inch within its base; that the sixth course projected an inch beyond the fifth; that brick intended for another course were placed on the top of the sixth course just before the wall fell; that the wall was not backed up, tied, or anchored in any way; that the wall which fell had been laid up within half an hour; that it fell when only the two brick layers in the service of the defendant were near it; that it fell under usual, not unusual,

circumstances and conditions, under conditions and circumstances that the defendant was bound to expect and take reasonable care to provide for, not extraordinary or not to be expected conditions or circumstances; and the jury might consider the facts proved in the light of their common knowledge and experience. In our opinion the question whether the brick layers who laid up the wall were guilty of negligence, was a question of fact for the jury, and the finding of the jury, implied from the verdict, that they were guilty of negligence and that because of their negligence the wall fell, cannot be held to be against the evidence or not supported by sufficient evidence. Under the rule as laid down in this state, to create the relation of fellow-servants the servants must be directly co-operating with each other in a particular work at the time of the injury, or their usual duties must be such as to bring them into habitual association so as to afford them the power and opportunity of exercising a mutual influence upon each other promotive of proper caution. In Bennett v. C. C. Ry. Co., 243 Ill. 420, it was said: ''The rule established in this State holding that certain persons are fellow-servants, however, has as its basis, in some measure at least, such personal relation and association between them as to afford an opportunity and power to influence each other through proper caution, by counsel, advice or example, whether under the first or the second branch of the rule. (Pagels v. Meyer, 193 Ill. 172.) This court in that case said (p. 179): 'Where they are brought together in direct co-operation in the performance of a particular work * * * they have such opportunity and power and are brought within the relation required by the rule. Where their usual duties bring them into habitual association, the association must be sufficiently personal to furnish the same opportunity and power to exercise an influence upon each other promotive of proper caution.' '' The only brick used in the building were those used in the

outer walls. The partition walls, floors, girders and columns were of reinforced concrete. The window sills were of cut stone, the lintels of concrete and the window and door frames of wood. The carpenters made the boxes or forms for the concrete, put them in place, and the concrete men filled them. The carpenters also set the window and door frames. All that the brick layers had to do with the construction of the building was to lay up the outer walls and set the window sills. The carpenters made the forms for the lintels, put them in place, the concrete men filled them and when the concrete had set the carpenters removed the forms. When the end of a girder was to rest on a pier of the outside wall, the carpenter made and put in place the form for the girder, the bottom of which was placed against and flush with the top of the pier and the sides extended over the pier eight inches beyond the bottom. When the cement had set eight inches of the end of the girder rested on the pier. The carpenter then removed the forms and the brick layers laid the wall above the ends of the piers. Some of the work of the brick layers necessarily preceded and some followed the work of the carpenters, but at no time did their respective duties require their direct co-operation in a particular work. Before a door or window frame could be set the wall had to be carried up to a proper height and the door or window sill set by the brick layers. When this had been done the foreman brick layer notified the carpenter foreman that he was ready to have the frame set, and the carpenters then set the frame and braced it, and after this had been done the brick layers proceeded to erect the piers on either side of such door or window. The form for a lintel could not be put in place by the carpenters until the brick layers had carried up to the proper height the piers on either side of the space which the lintel was to span. After the form had been put in place by the carpenters, filled by the concrete men and the concrete had set, the brick layers proceeded to erect the

wall above the lintel. Plaintiff testified that if a brick layer found a door or window frame out of plumb, he would call a carpenter to plumb the frame, but so far as he knew that did not occur on this building. We think that from the evidence the jury might properly find that the carpenters and brick layers were not brought together in direct co-operation in a particular work at the time of plaintiff's injury, and that plaintiff and the brick layers who laid up the wall which fell were not fellow-servants under the first branch of the fellow-servant rule of this state. Fifteen to twenty carpenters and about ten brick layers were employed on the building. The brick layers had nothing to do with the carpenter work, and all that the carpenters had to do with the laying of the wall was to set the door and window frames and make and remove the forms for the concrete work. We think that from the evidence the jury might properly find that the usual duties of the carpenters and brick layers employed on the building were not such as to bring them into habitual association so as to afford them the power and opportunity of exercising a mutual influence on each other promotive of proper caution, and that plaintiff and the brick layers who laid up the brick wall which fell were not fellow-servants under the second branch of the fellow-servant rule.

The record, in our opinion, is free from reversible error, and the judgment of the Superior Court will be affirmed.

*Affirmed.*