FRANK O. BUTLER, Appellant, *vs.* THE AURORA, ELGIN AND CHICAGO RAILROAD COMPANY, Appellee.

*Opinion filed April 19, 1911.*

1. RAILROADS—*when electric road is not required to maintain fence at highway intersection.* Section 1 of the act relating to the fencing and operation of railroads does not require that a fence be erected across a walk leading to a station platform of an electric railroad at the intersection of its right of way with a highway, where all other parts of the right of way are fenced and cattle-guards placed as required by law.

2. SAME—*question whether use of a third rail is common law negligence is a question of fact.* Whether the use by an electric railroad of a third rail charged with electricity is common law negligence under the circumstances shown in a particular case is a question of fact, upon which the finding of the Appellate Court is conclusive.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding.

ASA Q. REYNOLDS, for appellant.

HOPKINS, PEFFERS & HOPKINS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an action of tort brought by appellant against appellee in the municipal court of Chicago to recover damages for the loss of a cow which was killed by coming in contact with the third rail of appellee's electric railroad where it is crossed by a public highway about a mile south of the village of Elmhurst, DuPage county. A trial was had before the court without a jury and defendant found not guilty and judgment entered for costs. A writ of error was sued out of the Appellate Court for the First Dis-

trict, and that court affirmed the judgment of the municipal court. The case comes to this court upon a certificate of importance granted by the Appellate Court.

Appellee owns and operates a double track electric railroad running east and west and crossing Spring road, a public highway, at right angles. The right of way is about one hundred feet wide, and except at the highway crossing is fenced on both sides. On the west side of the crossing a fence extends from the south line of the right of way to the south track, where it connects with the cattle-guards extending across the tracks. On the north side of the track is a platform which is used by passengers taking the westbound trains. This platform is about sixteen inches higher than the road-bed, and is reached from the highway by a cinder walk which is practically on a level with it. A fence extends north from the platform and connects it with the fence on the north line of the right of way. Appellant, on the day the accident occurred, was driving a number of cattle on the public highway, and when the crossing was reached the cow which was killed turned west on the right of way, and by passing over the cattle-guards or by getting on the station platform and jumping off came in contact with the electrically charged third rail of appellee's road and was killed.

Appellant contends that the killing of the cow resulted from a failure of appellee to fence its right of way, as required by paragraph 62 of chapter 114 of the Revised Statutes. The platform was used as a public station or depot for receiving and discharging passengers by appellee, and appellee contends that the provision requiring the right of way to be fenced does not apply.

Paragraph 62 is as follows: "That every railroad corporation, shall, * * * erect and thereafter maintain fences on both sides of its road or so much thereof as is open for use, suitable and sufficient to prevent cattle * * * from getting on such railroad, except at the crossings of

public roads and highways, and within such portion of cities and incorporated towns and villages as are or may be hereafter laid out and platted into lots and blocks, * * * and shall also construct * * * cattle-guards suitable and sufficient to prevent cattle * * * from getting on such railroad; and when such fences or cattle-guards are not made as aforesaid, or when such fences or cattle-guards are not kept in good repair, such railroad corporations shall be liable for all damages which may be done by the agents, engines or cars of such corporation, to such cattle, * * * and reasonable attorney's fees in any court wherein suit is brought for such damages, or to which the same may be appealed; but where such fences and guards have been duly made and kept in good repair, such railroad corporation shall not be liable for any such damages, unless negligently or willfully done."

The only point on the right of way which was not fenced was where the cinder walk approached the platform. The record does not disclose to what extent the platform is used by the public, but it is evident that to require it to be fenced at this place would inconvenience those desiring to board and alight from the trains and would interfere with its use by the public. .In *Chicago, Burlington and Quincy Railroad Co.* v. *Hans,* 111 Ill. 114, it was said: "It is the duty of a railway company to establish depots, etc., and so operate its road as to afford the public reasonable safety and dispatch in the transaction of business. To effect this, and to accommodate those traveling its road or transacting business with the company, it is necessary that it should at all reasonable times provide a ready and convenient means of access to its stations and depots. To require those places to be fenced would cause delay and inconvenience to the public and detract from the public character of railways." Under the decision in that case and in view of the use of the station platform by the public we do not think appellee was required to fence that por-

250 — 4

tion of its right of way, and its failure to do so does not render it liable for the loss of appellant's cow.

Appellant contends that if appellee is not liable under the statute, the use by it of the third rail, charged, as it was, with electricity, was such negligence at common law as renders it liable. The question whether or not appellee was guilty of negligence at common law is a question of fact, and the finding of the Appellate Court upon this question is not reviewable by this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*