HATTIE SCHLAUDER, Defendant·in Error, *vs.* THE CHICAGO AND SOUTHERN TRACTION COMPANY, Plaintiff in Error.

*Opinion filed December 21, 1911—Rehearing denied Feb. 8, 1912.*

1. RAILROADS—*railroad organized under general Railroad act is a commercial railroad though motive power is electricity.* A corporation organized under the general act for the incorporation of railroads is a commercial railroad although it uses electricity as a motive power, and it has the rights and is subject to the burdens of railroads so organized, and the act concerning the fencing and operation of railroads applies to it.

2. NEGLIGENCE—*party cannot regulate his conduct solely upon presumption that others will perform duties imposed upon them.* The presumption that every person will perform a duty enjoined by law or imposed by contract is to have due weight in determining questions of negligence, but the presumption is not conclusive, and no person has a right to rely solely upon it in regulating his conduct.

3. SAME—*one railroad company cannot rely solely upon presumption that another's train will stop before·reaching crossing.* A railroad company engaged in carrying passengers cannot rely

solely upon the presumption that another company will perform its legal duty to stop its train before reaching the crossing of the two railroads, and failure of the former company to exercise due care is not excused by such presumption, even though the accident would not have happened had the other one obeyed the law.

4. Same—*witness cannot give opinion as to very fact the jury is to determine.* In a personal injury suit, where the defendant disputes the fact that the plaintiff was injured and the evidence in its behalf tends to prove that she was not injured, it is error to permit a physician to testify that in his opinion the plaintiff was "permanently injured as a result of that accident." (*Chicago* v. *Didier,* 227 Ill. 571, *Chicago Traction Co.* v. *Roberts,* 229 id. 481, and *Fuhry* v. *Chicago City Railway Co.* 239 id. 548, explained.)

5. Same—*when recovery cannot be based upon the defendant's failure to stop its car before crossing railroad.* Failure of the defendant to stop its electric car before starting to cross the track of another commercial railroad cannot be made the basis of a recovery for alleged injuries sustained when the car was struck by a train of the other railroad, where the car had been standing upon the tracks of the other railroad from three to five minutes before the train appeared; but the right of recovery, if any, depends upon whether the defendant was negligent in allowing the car to remain on the tracks without taking steps to protect it.

6. Instructions—*statement of an hypothesis of fact virtually tells the jury such fact exists.* An instruction stating that if a certain fact exists a certain rule of law applies or a certain verdict must be returned, virtually tells the jury that there is evidence from which they may believe in the existence of the fact, and if there is no evidence of the fact the instruction is erroneous.

7. Same—*effect where court refers jury to declaration instead of stating hypothesis of fact.* If the court, instead of stating an hypothesis of fact and basing thereon a rule of law or direction to the jury, refers the jury to the declaration or the several counts, the instruction is equivalent to one embodying the facts stated in the declaration as an hypothesis of fact; but where this method is employed it is not improper to give the instruction although there is no evidence to sustain some of the counts.

8. Same—*when giving an instruction authorizing verdict upon proof of negligence charged in any count is error.* An instruction stating that if the defendant was guilty of negligence as charged in some one count and the plaintiff was injured by reason of such negligence while she was in the exercise of ordinary care she is entitled to recover is erroneous, where there is one count which

alleges a fact and charges it to be negligence and which is proven but which does not entitle the plaintiff to recover.

9. SAME—*instructions referring jury to declaration are not approved.* The practice of giving instructions referring the jury to the declaration is not approved.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. CHARLES B. CAMPBELL, Judge, presiding.

LOWES & RICHARDS, (MAYER, MEYER, AUSTRIAN & PLATT, and FREDERICK D. JORDAN, of counsel,) for plaintiff in error.

J. L. O'DONNELL, T. F. DONOVAN, and J. A. BRAY, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the Second District affirmed the judgment for $6000 and costs recovered by defendant in error against plaintiff in error in the circuit court of Will county, and a writ of *certiorari* was granted by this court for the purpose of reviewing the judgment of the Appellate Court.

The suit was an action on the case for personal injuries received by plaintiff while a passenger on the car of defendant. The plea was not guilty, and the defendant asked the court to direct a verdict of not guilty, which the court refused to do. The evidence from which the correctness of that ruling must be determined was as follows:

The defendant is a railroad company organized under the general act for the incorporation of railroad companies and operates a railroad from Chicago to Kankakee. The power used is electricity, applied by means of an overhead trolley wire and pole. On August 30, 1909, the plaintiff,

with her husband, took passage from Chicago to go to Pe-
otone.   After passing Blue Island the car approached a
crossing of the Grand Trunk railroad on the same level.
The trolley pole became disconnected from the wire and
the car stopped on the crossing and stood there from three
to five minutes, as testified to by several of the plaintiff's
witnesses, and there was no contradictory evidence on that
question.   There were about thirty passengers, who re-
mained seated in the car until a train on the Grand Trunk
railroad was seen coming around a curve from the west
at a distance of from six hundred to eight hundred feet
from the car.   The defendant's conductor ran out on the
track and signaled to the approaching train and the engi-
neer made every effort to stop it. . An alarm being given,
the passengers made a general rush for the door to get out.
A number of them were crowded at the door to the vesti-
bule when the other train reached the car.   The train was
almost stopped and moving not faster than a slow walk,
but it pushed the end of the car around ·and stopped be-
yond the car somewhere from fourteen feet up to the length
of the engine, or perhaps forty or fifty feet.   As a result
of the collision the plaintiff was thrown forward into the
vestibule, which was considerably lower than the floor of
the car, and several other women fell on her.   There was
a bruise on her hip three or four inches in diameter, where
considerable swelling followed, and this was the only ex-
ternal sign of injury.   She was treated for some time by
a physician and suffered from other disabilities which the
evidence in her behalf tended to prove had not existed be-
fore the accident.

There were five counts in the declaration.   The negli-
gence charged in the original declaration was that the de-
fendant carelessly, recklessly, negligently and improperly
propelled and ran the car and permitted and allowed it to
stand on the railroad track on which the train was ap-
proaching.   The first of four additional counts afterward

filed charged as negligence that the defendant did not use due, proper or reasonable care that the plaintiff should be safely carried on the car. The second alleged that the defendant did not use due care and caution that the plaintiff should be safely carried, but so recklessly and improperly drove and managed the car that it collided with the locomotive and train propelled by steam on the other road. The negligence charged in the third was, that the defendant failed to bring its car to a stop at a reasonably safe distance from the steam railroad, and failed to use any reasonable precaution to ascertain whether or not any train or locomotive was approaching thereon, and carelessly and negligently ran and propelled its car over and upon said steam railroad tracks. The fourth charged that the defendant so carelessly and negligently managed, conducted and propelled its car that the car was struck and came in collision with the passenger train.

It is not claimed that there was any want of care on the part of the plaintiff, but it is insisted that the defendant was entitled to the benefit of the presumption of law that the other railroad would obey the statute and comply with the law which required it to stop within eight hundred feet of the crossing of another railroad on the same level and to positively ascertain that the way was clear and that the train could safely resume its course before proceeding to pass over the crossing. Basing their argument on that presumption, counsel contend that the defendant was not guilty of any negligence in failing to anticipate a disregard of the statute by those in charge of the train. The defendant being organized under the general act for the incorporation of railroads, its railroad is a commercial railroad, and we so decided in *Bradley Manf. Co.* v. *Chicago and Southern Traction Co.* 229 Ill. 170. It has the rights and is subject to the burdens imposed by law upon railroads so organized, and the statute concerning fencing and operating railroads applies to it. (*Butler* v. *Aurora, Elgin and*

*Chicago Railroad Co.* 250 Ill. 47.) The train on the Grand
Trunk railroad was not stopped as required by the statute,
and if it had been the accident would not have happened,
but if defendant was negligent the fact that the other rail-
road company was also negligent was no defense. (*Chi-
cago and Eastern Illinois Railroad Co.* v. *Mochell,* 193 Ill.
208.) There is a presumption of law that every person
will perform the duty enjoined by law or imposed by con-
tract, and anticipation of negligence in others is not a duty
which the law imposes. (*Chicago, Burlington and Quincy
Railroad Co.* v. *Gunderson,* 174 Ill. 495; *Chicago City
Railway Co.* v. *Fennimore,* 199 id. 9.) While that state-
ment has often been made and the presumption is to have
due weight in determining questions of negligence, it is
manifest that the presumption is not a conclusive one and
that no one has a right to rely solely upon it in regulating
his own conduct. The presumption does not absolve one
from exercising such care and prudence as a reasonably
prudent person would under the same circumstances, nor
relieve a carrier of passengers from the duty of exercising
that degree of care demanded by the law in view of the
circumstances and surroundings. One who has an unob-
structed view of an approaching train would not be justi-
fied in closing his eyes and crossing a railroad track in re-
liance upon the presumption that a bell would be rung or
a whistle sounded. No one can assume that there will not
be violations of the law or negligence of others and offer
the presumption as an excuse of failure to exercise care.
Although the presumption is to be considered, it is not con-
clusive that the defendant was not guilty of negligence.
Counsel who seek to sustain the ruling say that there was
evidence that the car jiggled and jerked in coming up an
incline under the tracks of another railroad, which tended
to show that the equipment of the car was out of order,
but there was no charge of that kind in the declaration. It
is also contended that there was negligence in not stop-

ping the car before reaching the railroad, but if it was not stopped the fact had nothing to do with the accident. There were, however, very general charges of negligent management of the car,—so general, in fact, as to admit of almost any evidence respecting what was done in its management,—and also general charges of the want of proper care to safely carry the plaintiff. Under these charges the question whether it was negligence to have the car standing from three to five minutes on the track of the steam railroad without any precaution to ascertain whether a train was approaching or to give notice to such a train that the track was blocked was properly submitted to the jury, and the court did not err in refusing to direct a verdict.

On the examination of the physician who attended the plaintiff he testified to the existence of the bruise on the right thigh which existed for a few weeks, and said that the plaintiff had soreness over the lower part of the abdomen and other physical troubles peculiar to women; that she became depressed, morbid, melancholy and hysterical, and that she had a sense of suffocation, and suffered from a loss of memory, morbidness, brooding, worry, and fear that some calamity would happen. He had received an account of the accident from her and her husband, and he was asked this question: "Have you an opinion whether or not Mrs. Schlauder is or is not permanently injured as a result of that accident?" The question was objected to on the ground that it placed the doctor in the position of the court and jury to determine one of the issues in the case, but the objection was overruled. He answered that he had an opinion and that he thought she was permanently injured. The rule is, that a witness cannot be permitted to give his opinion on the very fact which the jury is to determine. (*Illinois Central Railroad Co.* v. *Smith,* 208 Ill. 608.) In *City of Chicago* v. *Didier,* 227 Ill. 571, it was explained that where there is a conflict in the evidence as to whether the plaintiff was injured in the manner claimed,

it is not competent for witnesses to give their opinions on that subject, but in that case there was no dispute as to the manner and cause of the injury nor any dispute that the injury to the plaintiff's knee was caused by the fall. Inasmuch as there was no controversy on those questions, it was not considered improper to ask the doctor what he would say was the cause of the condition in which he found the knee. There were the same admissions in *Chicago Union Traction Co.* v. *Roberts,* 229 Ill. 481, and *Fuhry* v. *Chicago City Railway Co.* 239 id. 548. That was not the case here. The evidence was admitted while the plaintiff was making out her case to establish the cause of action alleged, and the plea was not guilty. The record shows no admission of an injury to the plaintiff, but while it was not denied that the plaintiff fell, the fact that she was injured was disputed, and the evidence for the defendant tended to prove that she was not injured. Two physicians testifying for the defendant, in answer to hypothetical questions embracing conditions and symptoms testified to by the plaintiff's doctor, gave it as their opinion that they had no relation to or connection with the accident. Under the rule stated in the *Didier case* the ruling was wrong.

The second instruction given at the request of the plaintiff stated that if she had proved the allegations in one or more counts of her declaration and was injured as therein alleged, and the injury was caused by or through the negligence of the defendant as alleged in such count, she was entitled to recover. The third told the jury that if they believed the plaintiff was injured, as alleged in some one count of the declaration, by reason of the failure of the defendant's servants, as alleged in the declaration or some count thereof, to exercise the degree of care stated in the instruction, while she was in the exercise of ordinary care and caution, she was entitled to recover and they should find the defendant guilty. The fourth stated that if the defendant was guilty of negligence as charged in some one

count of the plaintiff's declaration, and by reason of such negligence the plaintiff was injured while in the exercise of ordinary care, they should find the defendant guilty. It is contended that there was no evidence tending to sustain the allegations of the second or third additional counts, and therefore the instructions were erroneous. It has always been the rule that it is error to give an instruction telling the jury that if a certain fact exists a certain rule of law applies or a certain verdict is to be returned, if there is no evidence of the fact. Such instructions must be based upon evidence in the case, and a statement of a hypothesis of fact virtually tells the jury that there is evidence from which they may believe in the existence of the fact, and if there is no evidence the instruction is misleading. (*Alexander* v. *Town of Mt. Sterling,* 71 Ill. 366; *Indianapolis and St. Louis Railroad Co.* v. *Miller,* id. 463; *Nieman* v. *Schnitker,* 181 id. 400; *Spring Valley Coal Co.* v. *Robizas,* 207 id. 226.) If the court, instead of stating an hypothesis of fact and basing thereon a rule of law or direction to the jury, refers the jury to the declaration or to the several counts, the instruction is equivalent to one embodying facts stated in the declaration as such a hypothesis. The jury must go to the declaration or the several counts to learn the facts which the court says they are to believe from the evidence, but if that method is employed it is held not improper to give the instruction although there is no evidence to sustain some of the counts. That rule was stated in the recent case of *Chicago City Railway Co.* v. *Foster,* 226 Ill. 288, where several cases holding the same doctrine were reviewed. The argument, therefore, that these instructions were erroneous because there was no evidence tending to support some of the counts referred to in them cannot be sustained.

There was at least one count, however, which alleged a fact and charged it to be negligence which was proved by the evidence but did not entitle the plaintiff to recover or

authorize a verdict of guilty. The charge in the third additional count was, that the defendant failed to bring its car to a stop at a reasonable distance from the steam railroad and then and there failed to use any reasonable precaution to ascertain whether or not any train or locomotive was then and there approaching on said steam railroad and carelessly and negligently ran and propelled its car over and onto said railroad tracks. Witnesses testified that the car did not stop before reaching the tracks of the Grand Trunk railroad, but there was an utter failure to connect the act with the injury to the plaintiff. According to the uncontradicted testimony of the plaintiff's witnesses the car stood on the tracks from three to five minutes, and it would have availed nothing if it had been stopped and the conductor had looked for the train, which was from a mile and a half to two miles distant. If he had looked he would have seen nothing, but the failure to stop the car and look was alleged as a fact and charged as negligence, and there was evidence to prove the fact. The first point made by counsel in support of the refusal to direct a verdict is that the evidence conclusively established the negligence of the defendant in not bringing its car to a stop before it reached the railroad tracks, and the testimony of witnesses is recited at length to show that the fact was proved. If learned counsel take that view of the liability of the defendant for the accident, it certainly cannot be said that the instructions were not calculated to mislead the jury and induce them to adopt the same theory. Furthermore, the practice of giving instructions referring the jury to the declaration has been repeatedly disapproved. The evidence as to whether there was any substantial injury to the plaintiff, and the extent of such injury, if there was any, was conflicting, and the errors pointed out were prejudicial to the defendant.

The judgments of the Appellate and circuit courts are reversed and the cause remanded to the circuit court.

*Reversed and remanded.*