SOULE v. CHICAGO & N. W. RY. CO.

No. 9789.

United States Court of Appeals
Seventh Circuit.

May 26, 1949.

David M. Burrell and R. B. Holtan, Freeport, Ill., Ben A. Stewart, East Moline, Ill., Burrell & Burrell, Freeport, Ill., and Stewart & Lytton, East Moline, Ill., for appellant.

Lowell Hastings, John L. Davidson, Jr., and Drennan J. Slater, Chicago, Ill., Robert J. Ellis, Freeport, Ill., for appellee.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from a judgment wherein the trial court directed a verdict in favor of the defendant. Errors relied upon by plaintiff-appellant (hereinafter called "plaintiff") are (1) failure to admit into evidence the deposition of one Plautz and (2) the action of the trial court in directing a verdict for defendant.

At about 10:30 A.M. on September 8, 1942, a clear warm day, plaintiff was driving in Whiteside County, Illinois, on a journey from East Moline, Illinois, to Clinton, Iowa. He turned from East Clinton Road onto Fulton Road, which has a bituminous surface 18 ft. in width, and he proceeded thereon in a northerly direction. At a distance of 240 feet north from the intersection of Fulton Road and Clinton Road, the defendant's railway tracks cross Fulton Road at almost a right angle. The southernmost of the two sets of tracks was used for westbound trains. A white "sawbuck" sign warning of the railroad crossing was located at the side of Fulton Road at a distance of 67 feet south of the crossing. Plaintiff had previously used this road and was acquainted with the fact that there was a railroad crossing on it. He testified that he saw the warning sign, but that he did not make any observation to his right or left until he was within 20 feet of the railroad crossing. On direct examination he testified that as he approached the crossing he was proceeding about 15 miles per hour. He repeated this statement upon cross-examination, although later in his testimony he estimated that he was traveling between 10 and 15 miles per hour. As to his observations when within 20 feet of the crossing plaintiff stated that he glanced to the right and that he glanced to the left, but that he did not see anything, or hear anything, and that he did not observe the locomotive until just before it struck his automobile.

Plaintiff's automobile was demolished and he received serious injuries. He brought this action alleging negligence on the part of defendant on the following grounds: (1) Allowing weeds to grow on its right of way *; (2) failing to blow a whistle or ring a bell; and (3) obstructing the view of the plaintiff so that he was unable to see the train approaching.

By stipulation of the parties, a plat with detailed measurements and showing ground elevations was introduced into evidence, as well as five photographs which were taken within three hours after the time of the accident.

Upon a consideration of all of the evidence we are of the opinion that the alleged negligence of the defendant was a jury question with reference to blowing a whistle or ringing a bell, but we shall pass over that question as we have reached

---

* Alleged to be in violation of section 58 of the Public Utilities Act, Ill.Rev. Stats.1947, Ch. 111⅔, § 62: "Every railroad operating within the State of Illinois shall remove from its right of way at all grade crossings within the State all brush, shrubbery and trees for a distance of not less than five hundred (500) feet in either direction from each grade crossing."

the conclusion that the plaintiff was guilty of contributory negligence as a matter of law.

The burden of proving contributory negligence or the freedom thereof is a question of local law which federal courts must apply in diversity of citizenship cases. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Palmer et al., Trustees, v. Hoffman, Administrator, 318 U.S. 109, 117, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719. It is clear that under Illinois law the burden of proving the freedom of contributory negligence rests upon the plaintiff. Illinois Central Railroad Co. v. Oswald, 338 Ill. 270, 274, 170 N.E. 247.

If plaintiff had looked to his right any time after he had turned onto Fulton Road, he would have had a clear and unobstructed view of any object upon the westbound railroad track that would be as high as the headlight of the locomotive. The testimony shows that if he had observed to his right 25 feet from the railroad crossing his view was unobstructed for 2,000 feet, and that if he had made the observation 100 feet from the railroad crossing he would have had a view of the westbound track for 5,000 feet. Photographs taken from Fulton Road, 150 ft. and 195 ft., respectively, south of the railroad crossing, with the camera pointed in a northeasterly and easterly direction, clearly show objects alongside the westbound tracks which were of a lesser height than a locomotive.

Looking in a northeasterly direction from Fulton Road most of the area has an elevation of only one foot to 18″ higher than the surface of the highway. There is one small mound of an elevation 3½ feet higher than the surface of the highway, but the plat demonstrates that this mound would not obstruct the view as one approached on Fulton Road to within 20 feet of the railroad crossing and observed to the east. It is also without question that there is a ditch, varying from 10 ft. to 15 ft. in width, immediately south of the westbound tracks, which averaged about 2 ft. lower than the surface of Fulton Road.

Contending that the bell of the locomotive did not ring and that the whistle did not blow, and further asserting that weeds were growing on the right of way, plaintiff argues that he was misled, as he had a right to rely upon the railroad company performing its statutory duties.

A similar argument was overruled in Moudy v. New York, Chicago and St. Louis Railroad Co., 385 Ill. 446, 53 N.E.2d 406. The collision there occurred at 9:00 A.M. on a clear day, and defendant testified that he did not hear a bell or whistle. The court said, 385 Ill. 452, 53 N.E.2d page 408:

"When a railroad train and a person traveling on a highway each approach the crossing at the same time it is the duty of the traveler, in obedience to the known custom of the country, to stop, and not attempt to pass in front of the advancing train. (Newell v. Cleveland, Cincinnati, Chicago and St. Louis Railroad Co., 261 Ill. 505, 104 N.E. 223.) One who has an unobstructed view of the approaching train is not justified in closing his eyes in crossing a railroad track in reliance upon the presumption that a bell would be rung or a whistle sounded, and offer the presumption as an excuse for not exercising care. (Schlauder v. Chicago and Southern Traction Co., 253 Ill. 154, 97 N.E. 233; Greenwald v. Baltimore and Ohio Railroad Co., 332 Ill. 627, 164 N.E. 142.) * * *"

In Carrell, Adm'r, v. New York Central Railroad Co., 384 Ill. 599, page 604, 52 N.E. 2d 201, page 204, the court said:

" * * * One who has an unobstructed view of an approaching train is not justified in closing his eyes or failing to look, or in crossing a railroad track upon the assumption that a bell will be rung or a whistle sounded. No one can assume there will not be a violation of the law or negligence of others and then offer such assumption as an excuse for a failure to exercise care. The law consider obnoxious a contention to the effect that a person looked but did not see a train when the view was not obstructed, and where, if he had properly exercised his sight, he must have seen it. * * *"

A daylight grade crossing collision was involved in the case of Holt, Adm'r v. Illinois Central Railroad Co., 318 Ill.App. 436, 48 N.E.2d 446. A verdict for the

plaintiff was reversed, the court saying, 318 Ill.App. page 446, 48 N.E.2d page 450:

"* * * It is unthinkable that any one who is exercising reasonable care for his own safety can be close enough to a train to be struck by it and yet not hear or see it when there is nothing to detract from the hearing and nothing to detract from the ability to see."

Here, the plaintiff having knowledge of the existence of the railroad crossing, failed to take any precautions for his own safety until he was 20 feet from the crossing. Assuming he was traveling 15 miles per hour less than one second of time was then necessary to project him to the railroad crossing when, according to his own testimony he glanced to his right and left, and saw and heard nothing. Under the applicable Illinois law, as shown by quotations from the cases heretofore cited, the plaintiff was guilty of contributory negligence as a matter of law, and the trial court was not in error in directing a verdict for the defendant.

In view of our conclusion as to the directed verdict we need not consider the other assignment of error.

Judgment affirmed.