GEORGE W. WILSON

*v.*

THE ILLINOIS CENTRAL RAILROAD COMPANY.

*Opinion filed June 23, 1904.*

1. NEGLIGENCE—*plaintiff must prove due care if wantonness is not charged.* In the absence of willful or wanton injury upon the part of the defendant the plaintiff cannot recover unless it appears he was in the exercise of ordinary care for his safety.

2. SAME—*duty of court to direct a verdict for defendant.* In an action for negligence not willful nor wanton, it is the duty of the court to direct a verdict for the defendant if there is no evidence tending to show affirmatively that the plaintiff was exercising due care nor to raise a reasonable inference of such care.

3. SAME—*high degree of caution is required of one working in railroad yards.* A high degree of care and caution to avoid injury is necessary to constitute ordinary care upon the part of one working in railroad yards, where there is almost constant switching of cars and movement of trains and engines.

*Wilson* v. *Illinois Central Railroad Co.* 109 Ill. App. 542, affirmed.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. M. W. SCHAEFER, Judge, presiding.

This is an action in case, brought by the plaintiff in error against the defendant in error company in the city court of East St. Louis, St. Clair county, on October 31, 1902, to recover damages for a personal injury received by plaintiff in error in being run over by an engine in the railroad yards of defendant in error in the city of East St. Louis on September 4, 1902. The declaration contains three counts, the first charging general negligence, the second, that the bell of the locomotive, which ran over the plaintiff below, was not kept ringing as required by a city ordinance, and the third, that the locomotive was driven at a rate of speed in excess of that allowed by another provision of the ordinance. To the declaration, the plea of the general issue was filed.

At the close of the plaintiff's evidence the trial court, on motion of the defendant, instructed the jury to find the defendant not guilty, and a verdict was returned accordingly. Plaintiff moved for a new trial, which was denied, and judgment was entered on the verdict for the defendant. From this judgment an appeal was taken to the Appellate Court, and the Appellate Court has affirmed the judgment of the city court. The present appeal is prosecuted from such judgment of affirmance.

The facts, as stated by the Appellate Court, are as follows:

"Appellee was the owner of railroad yards in East St. Louis, with parallel tracks running north and south. The east track was its main line, on which ran all of its trains from St. Louis and East St. Louis in a southerly direction. It was the custom of appellee to take all of its engines, coming into East St. Louis from the north and south, down this main track to its round-house, sit-

uated in the south end of the yards. The Terminal Rail-road Association of St. Louis operated a belt railway and switching yards, a part of which lay immediately east and along the side of appellee's yard. One of the tracks in the Terminal Railroad Association's yard is known as the Conlogue track. The most westerly track of the Terminal Railroad Association, and the one next to the yards of appellee, was known as the delivery track, upon which it made deliveries to appellee, and received cars from it. All the tracks are about eight feet apart, except the said delivery track and the main track of appellee, which are about six feet eight inches apart. Appellant was employed by the Terminal Rail-road Association as a per diem clerk. It was his duty to take the numbers and initials of cars, see that they were properly sealed, and ascertain whether they were loaded or empty. At about eleven o'clock in the fore-noon of the day in question, he came from the south between the delivery track of the Terminal Railroad As-sociation and the main track of the appellee, taking the numbers and initials of a number of cars that were stand-ing on the delivery track. He reached the north end of the delivery track about the time that the switching crew of the Terminal Railroad Association had set in a car on the delivery track, and stepping back astride the easterly rail of the main track of appellee, that is, with one foot standing between the rails and one outside, he proceeded to take the number and initials of the car that had just been placed upon the delivery track. While he was thus standing on the track, one of appellee's engines was backing down the main track to the round-house, moving with the tender towards the south, at a speed probably not exceeding ten miles an hour. The yard clerk employed in the yards of appellee, who was some one hundred and fifty feet beyond appellant, seeing his peril, attempted to attract his attention by hallooing to him. The engineer on the Terminal railroad engine,

fifteen or twenty feet from appellant, likewise hallooed to him two or three times and, failing to attract his attention, sounded the danger signal with the whistle on his engine eight or ten times. About this time the tender of the moving engine struck appellant, knocked him down, and the wheels ran over one of his legs, so mangling it that amputation was necessary."

F. C. SMITH, and M. MILLARD, for plaintiff in error.

KRAMER, KRAMER & SCHAEFFER, (JOHN G. DRENNAN, of counsel,) for defendant in error.

Per CURIAM: In deciding this case the Appellate Court expressed in its opinion the following views:

"The appellee contends, and the trial court so held, that the appellant was guilty of contributory negligence, and that this clearly appears from the undisputed evidence in the case. This presents the only question for argument. * * * We are relieved from a consideration of the evidence in proof of appellee's negligence alleged in the declaration, except so far as may be necessary to determine whether appellant was in the exercise of ordinary care. * * * It devolved upon appellant to prove that he was in the exercise of ordinary care at the time of the injury. * * * If the appellant's negligence contributed to the injury, he cannot recover. He could not be in the exercise of ordinary care and at the same time guilty of contributory negligence. Willfulness and wantonness not being charged, whatever the negligence of the appellee, the appellant may not recover, unless it appear that he was in the exercise of ordinary care at the time of the injury. What may be held ordinary care, or due care, within the requirements of the law must be determined from the circumstances in the particular case. That which may be ordinary care in one case might be gross negligence in another. The foregoing

propositions of law, applicable under the facts in this case, have been repeatedly announced.   *   *   *

"Ordinarily, the question of negligence, whether of the plaintiff or defendant, is a question of fact for the jury. Where, however, as in this case, there is no evidence, tending to show affirmatively that the plaintiff was in the exercise of due care and caution, nor any reasonable inference of such care from circumstances disclosed by the testimony, the duty is imposed upon the court to direct a verdict for the defendant.   *   *   *   It is only where, after conceding as true all that the evidence tends to prove in favor of the party charged with the want of due care or negligence, that the court may assume the absence of due care, or the existence of negligence, and direct a verdict accordingly.

"In this case, there is no controversy in the evidence bearing upon the appellant's conduct prior to and at the time of the injury. He was experienced in the service in which he was engaged. He was familiar with the yard and the use of railroad tracks therein. He knew the track, on which he was standing, and its use in the running of trains and the frequent moving of engines over it to and from the round-house. In his testimony he states that he knew the danger of standing on the railroad track, and the liability to injury in so doing. There was nothing to obstruct the view, or to prevent his seeing the approaching engine in time to avoid the injury, whatever its speed, or the negligence of the engineer to sound the whistle or ring the bell. There was no apparent necessity for his being upon the track at the time. His duties could have been as well performed from a secure position between the tracks. It is a matter of common knowledge, that work in and upon a railroad yard with numerous tracks, where there is almost constant switching of cars and the movement of trains and engines, is extremely hazardous, and ordinary care under such conditions requires a high degree of caution and watchful-

ness to avoid injury. There was nothing in the situation or circumstances, attending the accident, to exonerate or excuse appellant's manifest carelessness and indifference to the danger of his position on the track, when struck by the tender. * * * It does not appear that the appellant was in the exercise of ordinary care for his own safety at the time and place of injury. It clearly appears that his own negligence and lack of ordinary care contributed to the injury, of which he complains.

"The judgment of the city court is, therefore, affirmed."

The foregoing opinion is in harmony with the views of this court, as expressed in the recent cases of *Beidler* v. *Branshaw*, 200 Ill. 425, and *North Chicago Street Railroad Co.* v. *Cossar*, 203 id. 608. In *Beidler* v. *Branshaw, supra*, it was said (p. 430): "Although it is true that the question of contributory negligence is ordinarily a question for the jury, yet when there is no conflict in the evidence, and the court can clearly see that the injury was the result of the negligence of the party injured, it should not hesitate to instruct the jury to return a verdict for the defendant. * * * A party has no right to knowingly expose himself to danger and then recover damages for an injury, which he might have avoided by the use of reasonable precaution. * * * While questions of negligence, or of contributory negligence, are ordinarily questions of fact to be passed upon by a jury, yet when the undisputed evidence is so conclusive that the court would be compelled to set aside a verdict in opposition to it, the court may withdraw the case from the consideration of the jury, and direct a verdict."

Accordingly, the judgment of the Appellate Court is affirmed. *Judgment affirmed.*