(No. 19879.

THE ILLINOIS CENTRAL RAILROAD COMPANY, Plaintiff in
Error, *vs.* MATTIE OSWALD, Defendant in Error.

*Opinion filed February 21, 1930.*

KRAMER, KRAMER & CAMPBELL, and R. E. COSTELLO, (VERNON W. FOSTER, and EDWARD C. CRAIG, of counsel,) for plaintiff in error.

LOUIS BEASLEY, and EDWARD C. ZULLEY, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This cause is here on *certiorari* to review the record of the Appellate Court for the Fourth District affirming a judgment of the city court of East St. Louis in favor of defendant in error, Mattie Oswald, against plaintiff in error, the Illinois Central Railroad Company, for $5000 damages in an action for personal injuries alleged to have been sustained by her by reason of negligence of plaintiff in error.

Near the east end of the Free Bridge, which connects St. Louis and East St. Louis, plaintiff in error has several tracks which pass under the bridge. Between ten and eleven o'clock at night on February 11, 1927, defendant in error

and her husband were driving east across the bridge when they observed a large volume of dense, black smoke ahead of them. This smoke was coming from one of plaintiff in error's engines. They stopped about thirty feet from the smoke and waited five or ten minutes for it to clear away, when the wind suddenly changed and blew the smoke over them, and about a second later another car came up from the west and struck their car. Thereafter defendant in error got out of the car and went to the rear of it to see what damage, if any, had been done, and while she was between the two cars a third car came up and struck the second, forcing it forward. She was caught between the cars and was severely injured.

Defendant in error's version of the happening of the accident, as shown by the abstract of her testimony, is as follows: "After our car got struck we got out on the right-hand side and stepped out on the sidewalk. I knew there was a sidewalk there. I knew that sidewalk was separate and apart from the traveled roadway. It was black there at that time and I couldn't see anything—couldn't even see the lights on this other car. The condition hadn't changed any when my husband got out of the car—it was still black. Then I walked to the rear of our car, feeling my way as I went along. I walked in between these two cars and couldn't see anything. I knew there were cars traveling along the bridge. I never thought of it. It was done carelessly. I see that now. I did know it at that time although I didn't think of it. I did know that the bridge was traveled a great deal and I walked in between the two cars. I was getting out into the roadway then. I was going around to see how badly the machine was hurt. I was going in between the two cars in the dark. I couldn't see anything. I couldn't see the lights on our car. I didn't think the smoke was going to last all evening. After our car got struck and we got out I couldn't see. I was feeling all the time. I felt until I got to the rear end of our

car. I knew there was something in back of me. I couldn't see it. I didn't know what it was. I was going to find out how much damage was done to our car. In order to find out how much damage was done I was going in between these two cars. I was going in there although I knew I couldn't see anything. I intended to go through there to see, and after that I got hit—after I got in between. I was not hit while I was on the sidewalk. There was nothing to prevent me from waiting on the sidewalk until the smoke cleared up, but I didn't do that. When I went in there I went in knowing that this smoke was obstructing cars and anything else on the bridge. I went in there knowing that other automobiles might come along on the bridge. I wasn't thinking about other machines."

There is an offset or railing between the wagon road and the sidewalk, or pedestrians' way, the latter being about six or eight inches higher than the former.

There are three essential elements in actionable negligence: First, a duty imposed by law to exercise care in favor of the person for whose benefit the duty is imposed; second, the failure to perform that duty; and third, a consequent injury so connected with the failure to perform the duty that the failure is the proximate cause of the injury. What constitutes proximate cause has been defined in numerous decisions, and there is practically no difference of opinion as to what the rule is. The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which might result from his act. If the negligence does nothing more than furnish a condition by which the injury is made possible and that condition causes an injury by the subsequent independent act of a third person, the creation of the condition is not the proximate cause

of the injury. (*Hartnett* v. *Boston Store,* 265 Ill. 331; *Chicago Hair and Bristle Co.* v. *Mueller,* 203 id. 558.) An intervening efficient cause is a new and independent force which breaks the causal connection between the original wrong and the injury and itself becomes the direct and immediate cause of the injury. (*Pullman Palace Car Co.* v. *Laack,* 143 Ill. 242; *Seith* v. *Commonwealth Electric Co.* 241 id. 252.) One act may furnish the occasion for another act, and such second act may be the cause of an injury without the first act in any manner being a contributing cause of such injury. The second act may be the result of some intervening cause in no manner flowing from the original act but which cause is given an opportunity to operate through the occasion furnished by such original act. The cause of an injury is that which actually produces it, while the occasion is that which provides an opportunity for the causal agencies to act. *Phillabaum* v. *Lake Erie and Western Railroad Co.* 315 Ill. 131.

Where the Appellate Court has affirmed a judgment for the plaintiff in an action at law the Supreme Court is precluded from weighing the evidence to determine where the preponderance lies, but where a motion is made to direct a verdict for the defendant the evidence may be examined for the purpose of determining whether, when all the evidence is considered in its aspect most favorable to the plaintiff, together with all its reasonable intendments, there is a total failure to prove any element necessary to maintain the cause of action alleged, and in doing so the court must consider the evidence itself and not the statements in the Appellate Court's opinion as to what facts have been proved. *Coal Creek Drainage District* v. *Sanitary District,* 336 Ill. 11.

In the absence of willful or wanton injury on the part of the defendant the plaintiff cannot recover in an action for personal injuries unless it appears he was in the exercise of ordinary care for his safety, and in such case it is

the duty of the court to direct a verdict for the defendant if there is no evidence tending to show affirmatively that the plaintiff was exercising due care or to raise a reasonable inference of such care. A party has no right to knowingly expose himself to danger and then recover damages for an injury which he might have avoided by the use of reasonable precaution. Although it is true that the question of contributory negligence is ordinarily a question of fact for the jury, yet when there is no conflict in the evidence and the court can clearly see that the injury was the result of the negligence of the party injured, it should not hesitate to instruct the jury to return a verdict for the defendant. (*Wilson* v. *Illinois Central Railroad Co.* 210 Ill. 603; *Beidler* v. *Branshaw,* 200 id. 425.) In the instant case there is no conflict in the testimony. According to defendant in error's own testimony she left a place of safety upon the sidewalk, and, as she styled it, "carelessly" went into a dangerous place, knowing the danger of such a course, "without thinking about it." The record is entirely devoid of any evidence showing or tending to show any act on the part of defendant in error which might prove, or tend to prove, any exercise of ordinary care or any attempt on her part to use such care for her own safety.

At the close of plaintiff's testimony, and at the close of all the testimony, plaintiff in error asked the court to instruct the jury to find the defendant not guilty. When the evidence is all considered, together with all the reasonable inferences to be drawn therefrom, in its aspect most favorable to defendant in error, we are constrained to say that she failed to prove one of the three essential elements of her case,—*i. e.,* that she was in the exercise of ordinary care for her own safety. The court should have instructed the jury to find the defendant not guilty.

The judgment of the city court is therefore reversed and the cause remanded. *Reversed and remanded.*