Samella Frye, Appellee, v. East St. Louis and Interurban Water Company, Appellant.

Opinion filed March 9, 1938.

POPE & DRIEMEYER, of East St. Louis, for appellant.

PHILIP G. LISTEMAN, of East St. Louis, for appellee; JOSIAH WHITNEL, of East St. Louis, and RALPH D. WALKER, of St. Louis, Mo., of counsel.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an appeal from a judgment of the city court of East St. Louis, Illinois, in favor of Samella Frye, plaintiff, against the East St. Louis and Interurban Water Company, defendant, in a suit to recover damages for injuries sustained by the plaintiff from falling into a hole existing on the property of the Garrison

School in East St. Louis, Illinois, near the public sidewalk.

The testimony of material witnesses is irreconcilable. The facts concerning the conditions which led to the injury are undisputed, but the evidence of the parties is in conflict on those matters which place the responsibility for the conditions which caused the injury. On September 23, 1936, in response to the janitor's telephone complaint of a water leak, the defendant sent a crew of men to the Garrison School. This crew of men dug a hole three feet deep, and three feet square, in front of the Garrison School. This hole was partly in the cinder public sidewalk and partly in the school yard. The foreman of the crew decided that the leak was in the pipe belonging to the school. Since it was not the custom of the water company to repair mains on the property of the water users, the foreman ordered the hole refilled. On the same day the crew refilled the hole.

On September 24, 1936, the school janitor discovered that water had washed away dirt and had made a hole near the sidewalk in the approximate vicinity of the hole dug by the defendant's crew. The janitor refilled the hole with loose dirt. The janitor stated that for several weeks he refilled the hole in the morning after it had washed away at night. The washing away at night is explained by the increased pressure of the water at night.

On Sunday evening, September 27, 1936, the plaintiff, who was walking along the cinder sidewalk with her husband, stepped off the sidewalk and fell into the hole which was then about two and one-half feet deep.

The secretary of the board of education testified that, after having called the water company on September 19th or 21st, he employed plumbers Tweedy and Lauerman on September 23, 1936, to look for the leak. He stated that Tweedy and Lauerman were at

work on September 26, 1936, and that they had dug a ditch 2 feet wide and 2 feet deep out about 25 feet from the school building, and then 10 feet north. The secretary went to the grounds on Sunday morning, September 27, 1936, and the ditch had been filled up. Lauerman testified that on Saturday, September 26, 1936, Tweedy and he went to the school and discovered the wet spot. There was no hole then. They started digging at the wet spot and dug a ditch as described by the school board secretary. They located the leak and repaired it on September 26, 1936. Sunday morning, the 27th of September, 1936, they refilled the ditch and tramped the dirt down hard. On Monday morning, the 28th, they went back to do other work and the dirt had settled slightly, but there was no hole.

The school janitor and the plaintiff's husband testified positively that the ditch dug by the plumbers was dug after the accident.

The defendant contends that the evidence demonstrates that the negligence of the janitor in refilling the hole day after day with loose dirt is either the sole cause of the injury, or such an intervening cause that it is the sole legal cause of the injury. The defendant also contends that the evidence demonstrates that the hole into which the plaintiff fell was the ditch dug by Tweedy and Lauerman through the original hole dug by the defendant.

The testimony with respect to the dates upon which the excavations were made by the water company and the plumbers, the testimony with respect to the character of the excavations made by each crew, and the testimony with respect to the type of hole into which the plaintiff fell, constituted sufficient evidence to support a finding of the jury that the plaintiff fell into the hole created by the defendant. The jury could reasonably conclude that the plumbers Tweedy and Lauerman were mistaken as to the date on which they dug

the ditch because it is undisputed that the plaintiff fell in a hole on September 27, 1936, whereas their testimony would lead to the conclusion that there was no hole on the date of the injury and it is undisputed that the plaintiff fell into a small hole instead of a ditch of the kind made by the plumbers.

It was further within the province of the jury to conclude from the evidence that the defendant's crew might well have expected the dirt which they filled in over the leaking pipe to wash out. It was also within the province of the jury to conclude that the crew left this dangerous situation without warning of its existence, and for that matter without any report of their discovery that the leak was in the school water main. It was therefore a reasonable inference from the evidence that the defendant failed to use due care in filling the hole.

There remains the question of intervening cause. The principle has been accepted that where the negligence of the defendant merely furnishes a condition which makes the injury possible and the injury is in fact caused by the independent act of a third person and the injury would not have occurred without this independent act, then the negligence of the defendant is not the proximate cause of the injury. *Sycamore Preserve Works v. Chicago & N. W. Ry. Co.*, 366 Ill. 11; *Illinois Cent. R. Co. v. Oswald*, 338 Ill. 270; *Curran v. Chicago & W. I. R. Co.*, 289 Ill. 111; *Munsen v. Illinois Northern Utilities Co.*, 258 Ill. App. 438. Appellant contends that these authorities apply to the conduct of the school janitor in this case. It is urged that the negligence of the janitor in refilling the hole with loose dirt was the proximate cause of the injury. While it is possible that the continuance of this conduct for a very long period of time would constitute a complete assumption of control over the situation by the school authorities, we must bear in mind that the jury could

reasonably have concluded that the injury happened only a few days after the digging of the hole by the defendant. Under this state of facts we think the principle of intervening cause has no application.

We cannot say that without the negligence of the janitor there would have been no injury. Certainly the action of the janitor did not aggravate the condition. It is possible that the action of the janitor reduced the hazard. At most we can say only that the evidence tends to support the contention that the combined negligence of the janitor and the defendant caused the injury.

We are called on only to decide whether there was evidence to support the verdict. We are of the opinion that there was.

Appellant complains of the amount of damages rewarded.

It appears that as a direct result of the accident the plaintiff suffered a miscarriage, and that as a result she has a condition known as a sub-involuted womb. She had a hospital expense of $45 and a charge for services of a physician to the date of trial of $132. Her physician testified that he was still treating her at the time of trial; that she suffered from cramps and backache; that her condition could be corrected only by a major operation costing from $250 to $300. Plaintiff testified that she is hampered greatly in the performance of her household duties. The jury awarded the plaintiff $2,500. The trial court ordered a remittitur of $750. We cannot say that $1,750 is clearly excessive nor can we say that the size of the verdict showed that it was the result of passion and prejudice.

The judgment of the city court will be affirmed.

*Affirmed.*