James A. Little, Appellee, v. Illinois Terminal Railroad Company, Appellant.

Opinion filed July 10, 1943. Rehearing denied August 11, 1943.

POPE & DRIEMEYER, of East St. Louis, for appellant.

FORTH & FORTH, of Granite City, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

James A. Little, plaintiff appellee, hereinafter called plaintiff, brought suit against Illinois Terminal Railroad Company, defendant appellant, hereinafter called defendant, to recover damages for injuries to

his person and to his automobile, which resulted from a collision between his automobile and a streetcar of defendant. Upon a trial before a jury, a verdict of $5,000 was returned, and this appeal is taken from the judgment entered upon that verdict.

The record discloses that plaintiff sustained the injuries for which he sued, when on January 14, 1941, about 7:30 a. m. his automobile driven by him collided with a streetcar of defendant at the intersection of Nineteenth street and Madison avenue, in Granite City, Illinois. Madison avenue runs in a northerly and southerly direction and Nineteenth street runs in an easterly and westerly direction, beginning at Madison avenue and running west therefrom.

Opposite Nineteenth street, on the east side of Madison avenue is what is designated as a spray pond, maintained on the property of the Granite City Steel Company. The hot water used in the steel mill is sprayed about six feet upwards out of a number of jets, and is thus cooled for reuse. Clouds of vapor, variously described in the record as mist or steam are, at irregular intervals, carried by the wind over and across this intersection.

Madison avenue is an 80-foot public thoroughfare, with double car tracks in the center. Nineteenth street is an ordinary street about 60 feet wide, with a single pair of tracks which turn off at Madison avenue into Nineteenth street, so that cars going north on Madison avenue can make a left turn into Nineteenth street. On the day of the accident plaintiff picked up a passenger, John Walk, and started to drive to their mutual place of employment in Venice, Illinois. He was driving south on Madison avenue when he saw a cloud of steam from the spray pond completely enveloping the intersection ahead, at Nineteenth street. He entered this steam when about 100 feet from the intersection. He slowed down to about 15 miles an hour, continuing to drive through the steam, where

for 50 feet, his vision was so completely obliterated that he could not see the front end of his automobile, and then collided with a streetcar of defendant, which had turned left off of Madison avenue into Nineteenth street, being operated, so the conductor testified at about two or three miles an hour. The automobile of plaintiff was demolished, and he sustained serious personal injuries.

Defendant assigns as error relied upon for reversal, the refusal of the trial court to direct a verdict in its favor and to allow its motion for judgment notwithstanding the verdict, and that the judgment appealed from is contrary to the law and the evidence.

The case was tried upon issues made by the complaint, which consisted of two counts and the answer thereto.

Count 1 alleged that on the date in question plaintiff in the exercise of due care for his own safety was driving his automobile in a southerly direction on Madison avenue and that defendant's car made a left turn across Madison avenue to Nineteenth street and that the streetcar was so negligently and carelessly managed and controlled as to cause a collision with plaintiff's automobile. Count 2 added the averments that both plaintiff's automobile and defendant's streetcar, as they approached the intersection of Nineteenth street and Madison avenue, entered a large cloud of smoke, steam or mist, and that as plaintiff was cautiously and slowly proceeding through such cloud, the streetcar attempted to make a left turn to Nineteenth street, and negligently and carelessly, without sounding any warning, bells, whistle or horn, collided with plaintiff's automobile.

It is contended by counsel for plaintiff that the servants of defendant drove its streetcar through the fog, knowing that there was heavy traffic on the street, and that in making a left turn that it would cross the line of traffic going south, and did so with-

out having any light on the streetcar or sounding any warning whatever, and that therefore defendant is liable, and the judgment of the trial court should be affirmed.

The complaint contained no charge of wilful or wanton conduct on the part of defendant company. Plaintiff therefore had the burden of affirmatively showing that he was in the exercise of due care and caution. *Crawford v. Cahalan,* 259 Ill. App. 14; *Hogrefe v. Johnson,* 271 Ill. App. 469; *Hand v. Greathouse,* 294 Ill. App. 383; *Moore v. Illinois Power & Light Corp.,* 286 Ill. App. 445; *Pollard v. Broadway Cent. Hotel Corp.,* 269 Ill. App. 77; *Morgan v. Rockford, B. & J. Ry. Co.,* 251 Ill. App. 127; *Dee v. City of Peru,* 343 Ill. 36; *Wilson v. Illinois Cent. R. Co.,* 210 Ill. 603.

When there is any evidence before the jury which, taken with its reasonable inferences in its aspect most favorable to plaintiff, tends to show the use of due care, the question of due care is for the jury. Whether there is any such evidence is a question of law. *Pienta v. Chicago City Ry. Co.,* 284 Ill. 246; *Dee v. City of Peru, supra.* In determining such question this court can examine the record only to determine whether there is any evidence so tending to support the cause of action. *Hinchliffe v. Wenig Teaming Co.,* 274 Ill. 417; *Reiter v. Standard Scale & Supply Co.,* 237 Ill. 374. Applying this rule to the record before us, it seems clear from his own testimony, that plaintiff saw this steam 100 feet from the intersection. He had driven by this corner many times. He knew, so he stated, that cars had made left turns before, at that intersection. He knew that under existing conditions, he could not see a car, if there should happen to be one there, and that it was possible that there might be a streetcar turning left. In spite of this, he entered a known area of potential danger, and once in it, drove for 50 feet, under condi-

tions, where he could not see the front of his own car. During this time, he did not switch on his lights, put on his brakes, sound his horn, or abate his speed of 15 miles an hour. He claims that it was negligence and relies for recovery upon the proposition that the defendant's car entered this steam, and sounded no warning, yet, he, according to his own testimony was guilty of the same conduct.

The doctrine of comparative negligence has long been repudiated in Illinois. *Calumet Iron & Steel Co. v. Martin,* 115 Ill. 358; *Chicago R. I. & P. R. Co. v. Hamler,* 215 Ill. 525. The rule since the abandonment of that doctrine has been, that if the plaintiff has exercised due care and caution and defendant has failed to exercise due care, *i. e.* the care demanded under the circumstances—the rights of the parties are fixed and determined and where there is no wilful or intentional failure to perform a duty, the question of degree of care is of no importance. The one question for the determination of this court is, whether or not plaintiff exercised that care which a reasonably prudent person would exercise to avoid injury under like circumstances.

It is the duty of a person approaching a place of danger to do so cautiously and with proper degree of care for his own safety, the degree required being determined by the danger to which the individual is knowingly exposed. *Moore v. Illinois Power & Light Corp., supra.* The law does not afford to one who exposes himself to danger the privilege of recovering damages for an injury arising from his actions, which injury might have been avoided by the use of reasonable care for his own safety. *Dee v. City of Peru, supra.* Plaintiff endeavors to justify the chance he took in entering this intersection where his vision was practically obliterated, by asserting that he was in a position of peril, in that an automobile behind might strike him. However, he recognized the danger of

entering that zone of uncertainty, and blindness, and at a time when he could have stopped with practical safety to himself and his automobile. Disregarding the danger, he drove into the steam, and finding it getting thicker, continued to drive in it, at the same rate of speed, taking none of the precautions which a reasonably prudent person would have taken under the circumstances. Voluntarily he placed himself in a position where he was helpless to look out for himself.

We believe that the case of *Illinois Cent. R. Co. v. Oswald,* 338 Ill. 270 controls the case at bar. In that case plaintiff stopped at night on the upper deck of a bridge over the Mississippi River to allow a cloud of smoke, originating from one of defendant's engines on the lower deck of the bridge, to pass. At that moment the wind shifted, enveloping plaintiff's car in the smoke, and a following car struck the rear of plaintiff's car. Plaintiff got out of her car onto a sidewalk. She knew that there were other cars travelling on the bridge, but stepped off the sidewalk between the two cars to ascertain the extent of the damage. At that moment a third car struck the second car, catching plaintiff between her car and the second car, and severely injuring her. There the Court said, ''In the absence of wilful or wanton injury on the part of the defendant the plaintiff cannot recover in an action for personal injuries unless it appears he was in the exercise of ordinary care for his safety, and in such case it is the duty of the court to direct a verdict for the defendant if there is no evidence tending to show affirmatively that the plaintiff was exercising due care or to raise a reasonable inference of such care. A party has no right to knowingly expose himself to danger and then recover damages for an injury which he might have avoided by the use of reasonable precaution. Although it is true that the question of contributory

negligence is ordinarily a question of fact for the jury, yet when there is no conflict in the evidence and the court can clearly see that the injury was the result of the negligence of the party injured, it should not hesitate to instruct the jury to return a verdict for the defendant.''

In the instant case there is no conflict in the testimony. As in the *Oswald* case, plaintiff in the case at bar left a place of safety, outside the intersection, and drove into this area of steam, well knowing the danger of such course. The record is entirely devoid of any evidence showing or tending to show any act on the part of plaintiff which might prove or tend to prove, any exercise of ordinary care or any attempt on his part to use such care for his own safety.

At the close of plaintiff's testimony, and at the close of all the testimony, defendant asked the court to instruct the jury to find the defendant not guilty. We are constrained to hold that plaintiff failed to prove one of the essential elements of his case, *i. e.* that he was in the exercise of ordinary care for his own saftey, and therefore the court erred in not instructing the jury to find the defendant not guilty.

The judgment of the city court of Granite City is therefore reversed.

*Reversed and judgment here in bar of action and against plaintiff for costs.*