(No. 4317—

ORVAL MOUNCE, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed April 10, 1951.*

MAX G. GULO AND WILLIAM D. JOHNSON, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Orval Mounce, seeks to recover damages to his person and property from respondent for its alleged negligence in allowing a patch of ice to accumulate on one of the State Highways under its jurisdiction, as a result of which the accident out of which this case arises was caused.

On December 25, 1949, at approximately one o'clock A.M., claimant was driving his car in an easterly direction on Illinois State Route No. 17 in Livingston County at a point approximately four miles southeast of Streator, Illinois, and approached the bridge over the Vermilion River in the south lane, when his car skidded on ice in said lane and crashed into the bridge with the subsequent damages.

The evidence in this case discloses that claimant lived a short distance east of the scene of the accident, and that he traveled over this road several times a day; that on the afternoon of December 24, 1949, at approximately one or two o'clock P.M. he traveled across the scene of the accident, at which time there was ice on the highway, although it was melting; that at approximately eleven o'clock P.M. he traveled from his home to Streator, and at that time the south half of the highway was covered with ice, and that claimant knew it was freezing. It was while he was returning from this second trip that the accident occurred at approximately one o'clock A.M. on the morning of December 25, 1949.

Claimant testified that he was driving forty to fifty miles per hour; that he had passed a car some distance west of the scene of the accident, and that at the time of the accident there was no car approaching from the east, and that he had his lights on dim. His neighbor, Ralph Goddard, testified that the road was clear early

in the afternoon, but that at approximately 11:30 P.M. on December 24th the road was covered with ice.

No matter what we might conclude as to the negligence of respondent in knowingly permitting the icy condition in the south lane of said highway to accumulate and remain unmarked and uncindered, we feel compelled to hold that claimant was himself guilty of contributory negligence. He is, therefore, not entitled to a recovery.

In *Duffie* v. *State,* No. 4159, and *Hukill* v. *State,* 4160, consolidated opinion filed October 10, 1949, we held that the claimants therein were guilty of contributory negligence in approaching a known place of danger, to-wit: an extended gap in the concrete highway pavement, without care commensurate with such known danger, and we said:

"It has long been the rule in this State that it is the duty of persons about to cross a dangerous place to approach it with care commensurate with the known danger, and when one on a public highway fails to use ordinary precaution while driving over a dangerous place, such conduct is by the general knowledge and experience of mankind condemned as negligence. *Dee* v. *City of Peru,* 343 Ill. 36, 41."

What we said in the *Duffie* and *Hukill* opinion applies to this case, and, following such opinion, we must deny an award.

Award to claimant denied.