(No. 5341—)

GERALD H. WITT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 24, 1969.*

GOEHL AND ADAMS, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PERLIN, C.J.

Claimant seeks recovery for damages to his auto-

mobile in the sum of $669.13 incurred in an accident on November 30, 1965 on State Route No. 61. Claimant alleges that employees of respondent created a fire, which blanketed the highway on Route No. 61, and impaired the vision of the drivers of motor vehicles, and caused him to run into the rear of a truck, which was stopped on the highway, thus causing the alleged damages.

Claimant Witt testified that he was traveling on Route No. 61 at about 2:30 in the afternoon. The weather was clear, and the highway was dry. As he approached the site of the accident, he saw smoke on the highway. Witt stated: "Well, I seen the smoke there, and the highway men was right on this end of the smoke, and they didn't appear to flag me down or anything like that, and I thought, well, it was just a little patch of smoke, and so I slowed up, and the farther in I got the worse it got."

Claimant Witt identified three highway men: Junior Cantrell who was on the north side of the road, Harry Califf on the other side of the road, and Joe Schlipman on a tractor. They were near the road before he entered the smoke. Witt said that a "regular highway truck" was on the scene with no flasher running. Claimant entered the smoke and slowed down to 25 to 30 miles per hour. The shoulder on the right side of the road was "ablaze". After he got into the smoke about two blocks he hit the back end of a truck. A State patrolman was called, and claimant received a ticket. Claimant stated that he never saw the truck, and was afraid to stop after he got into the smoke because someone might have hit him. Claimant testified that he had no personal knowledge of who started the fire.

Otis Miller testified that he had occasion to be on

Route No. 61 on the day of the accident at about 3:00 P.M. He saw smoke and the highway truck parked off the road with Junior Cantrell, Joe Schlipman and Harry Califf "sitting on the bank watching the fire." When he drove into the smoke he could not see, put on his brakes, and then saw claimant Witt running across the road. The smoke lifted right before Mr. Miller saw claimant. He stated that the fire came right up to the road. He had no conversation with the highway men, and did not see how the fire started.

Robert Shields testified that he was traveling on Route No. 61 on the day in question. The weather was clear, and the sun was shining. As he travelled along Route No. 61 he approached an area of heavy smoke, which got heavier as he proceeded. He slowed down, turned his lights on, and continued to drive west on the highway. He entered the smoke, and continued about a quarter of a mile until he noticed a vehicle stopped in front of him. He then stopped within twenty feet of the vehicle in front of him. The fire was burning within three to four feet of the right shoulder. Immediately before Mr. Shields was hit by the car, later identified as that belonging to claimant, Mr. Shields described the following:

". . . I looked in the rear glass, and I noted a dim pair of headlights — I couldn't tell how far or how fast — and I looked back, and noticed that the car was moving forward in front of me, and I was in low gear following this car in front of me when this impact hit."

Mr. Shields further testified that, when he observed the vehicle in front of him, he began to pump the brake, and flash both rear flash lamps. After the impact, Shields stated, the officer on the scene observed that the lamps

were still intact, and still operating. As Shields approached the smoke he saw some State Highway trucks with a crew of men working at a slight curve in the highway: "Apparently they were cleaning a highway or a ditch . . ." The crew was about a quarter of a mile from where the smoke began. In Mr. Shield's opinion the visibility could not have been "completely zero, or I wouldn't have seen the tail lamps of the car in front of me." Mr. Shield's truck was described as being ¾ ton in size.

Sherman Bragg testified that he was traveling on Highway No. 61 about 2:00 in the afternoon on the day in question. Mr. Bragg said that he saw a Highway Department road tractor on the south side of the highway. Mr. Bragg further testified that he saw a man get off the tractor, and light two or three fires. He did not know who the man was, but he did see Junior Cantrell sitting in a Highway Department truck. He described the fires as very small, "like that you could put out with your hands", and he did not drive through any smoke.

Before claimant makes a recovery, it must be proved by a preponderance of evidence that he was free from contributory negligence, and that respondent's negligence was the proximate cause of the damages suffered.

It should be noted that no Departmental Report was submitted, and that neither party called the men who were allegedly working on the highway crew to appear as witnesses.

Respondent contends that, although claimant could clearly see dense smoke enveloping the highway at a considerable distance, he proceeded through it at a speed of 25 to 30 miles when he "could not see the hood of his car" by his own testimony. Respondent further

contends that, because he was aware of the condition, and the complete lack of visibility, claimant did not drive with the care and caution of an ordinarily prudent person under similar circumstances, and that the proximate cause of the accident was claimant's failure to proceed with caution.

In the case of *Ames* vs. *Terminal R. Assn.*, 332 Ill. App. 187, the plaintiffs, passengers in a vehicle driven by Adams, brought suit for injuries sustained when Adams drove into dense smoke caused by a locomotive engine, and struck the rear end of a bus, which had stopped in the smoke. In holding the passenger plaintiffs guilty of contributory negligence, and denying their claim, the court said at pages 193-194:

"Persons approaching a place of danger have a duty to do so cautiously and with a proper degree of care for their own safety, the degree of care required being determined by the danger to which they are knowingly exposed. (*Little* vs. *Illinois Terminal R. Co.*, 320 Ill. App. 163; *Moore* vs. *Illinois Power & Light Corp.*, 286 Ill. App. 445.) A person has no right to knowingly expose himself to danger, and then recover damages for an injury, which he might have avoided by the use of care for his own safety. (*Dee* vs. *City of Peru*, 343 Ill. 36; *Illinois Cent. R. Co.* vs. *Oswald*, 338 Ill. 270; *Little* vs. *Illinois Terminal R. Co.*, 320 Ill. App. 163.)

"The evidence presented on behalf of the plaintiffs shows that they first saw the smoke when their car was about 80 or 90 feet east of the place where the bus was stopped; that their car traveled about 40 feet in the first smoke that they came to which obstructed their view so that they could not see too well; that the driver of the car took his foot off of the accelerator, which automatically reduced the speed of the car, but at no time did he apply his brakes; that the car was driven a distance of 30 or 40 feet in the dense smoke, which was so dense that the driver could not see beyond the hood of the automobile, before it ran into the rear end of the bus. The automobile could have been stopped at the speed at which it was traveling within a distance of 30 feet. Yet the driver made no attempt to stop the automobile upon becoming apprehensive of the danger involved in driving in the dense smoke where he could not see beyond the hood of his car, nor did either of the plaintiffs warn the driver of the danger or request him to avoid the danger. . . .

"The question of contributory negligence is ordinarily a question of fact for the jury, yet when there is no conflict in the evidence, and the court can clearly see that the injury was the result of the negligence of the party injured, it should not hesitate to instruct the jury to return a verdict for the defendant. (*Illinois Cent. R. Co.* vs. *Oswald*, 338 Ill. 270; *Dee* vs. *City of Peru*, 343 Ill. 36; *Wilson* vs. *Illinois Cent. R. Co.*, 210 Ill. 603; *Beidler* vs. *Branshaw*, 200 Ill. 425.)

"Upon consideration of the evidence produced by plaintiffs together with all reasonable inferences to be drawn therefrom in its aspect most favorable to plaintiffs, we find that plaintiffs, . . . were not in the exercise of due care and caution for their safety at the time and before the accident, and were guilty of contributory negligence.

"The judgment of the trial court of St. Clair County directing a verdict for the defendants is hereby affirmed."

In *Jones* vs. *State*, 8 N.Y.S. 774, the Court of Claims of New York State denied a claim in a similar case. In that case the State was repairing a highway, and one of the State employees was burning a quantity of leaves, which had accumulated at the work site, with the result that the smoke drifted across the highway, and enveloped a tar tank and an automobile being used in the work. Claimant was driving on the highway in a truck, and saw the smoke about 500 feet away. He reduced his speed, and drove into the smoke until he collided with the tar tank. The Court of Claims held that the claimant was guilty of contributory negligence.

It does not appear that claimant acted with due care and caution in driving into dense smoke, which was clearly visible from a distance, and then proceeding at 25-30 miles per hour without being able to see what was in front of him.

Where the highway is of such condition that one can see nothing ahead, it is not reasonable to proceed at 25 to 30 miles per hour, if at all. The driver of the truck, which claimant struck, could see the tail lights of the car ahead of him, as well as claimant's headlights,

324

and did, in fact, have his blinking red lights on at the rear of his truck.

Claimant did not prove his freedom from contributory negligence, and recovery is hereby denied.