(No. 78-CC-1355—)

AETNA INSURANCE COMPANY, Subrogee of WAYNE ALLEN and PATRICIA MUELLER, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1981.*

KAMM & SHAPIRO, LTD. (JERROLD J. SHAPIRO, of counsel), for Claimant.

WILLIAM J. SCOTT, Attorney General (GLEN LARNER, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This claim is an action sounding in tort and was brought under section 8(d) of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.8) by Claimant Aetna Insurance Company as subrogee of two drivers, Wayne Allen and Patricia Mueller, both of whom were involved in a collision at an intersection. At the hearing on this cause the parties stipulated that Claimant's damages were $5,613.85.

Claimant's complaint (which alleges the direction of the vehicles incorrectly) states a cause of action as follows:

"2. (a) On or about February 4, 1978, Wayne Allen was the owner of a 1976 VW Scirroco automobile which he was driving in a southerly direction on U.S. 12 at or near the intersection of Case Road.

(b) At the time and place aforesaid, Patricia Mueller was the owner of a 1974 Chevrolet Nova automobile which she was driving in a northerly direction on U.S. 12 at or near the intersection of Case Road.

(c) At the time and place aforesaid Wayne Allen made a left turn onto Case Avenue.

(d) That Wayne Allen and Patricia Mueller were free of contributory negligence.

(e) At the time and place aforesaid snow had been piled in the center of Route 12 blocking the vision of Wayne Allen of any traffic driving in a northerly direction on U.S. 12.

(f) that as a result of said snow being plowed and negligently left in the center of the road thereby blocking vision a collision occurred between the vehicles driven by Wayne Allen and Patricia Mueller.

(g) * * *"

Wayne Mueller testified on direct examination that at approximately 7:45 a.m. on February 4, 1978, he was driving north on U.S. Route 12, a four lane highway, near its intersection with Case Road. The record does not so specify, but it would appear from looking at a map that this accident occurred in Lake County, Illinois. He testified that up to 200 feet from the intersection of Route 12 and Case Road he was able to see southbound traffic on Route 12, but that closer than 200 feet his vision of the two southbound lanes was blocked by snow piled in the median of U.S. 12.

He intended to make a left turn onto Case Road. Because of the snow, the intersection cross-over was wide enough for only one car. Snow piled six feet deep on the median completely blocked all view of the southbound lanes on Route 12.

He pulled very slowly out into the southbound lanes with no vision whatsoever of any possible oncoming traffic in the southbound lane before he could see the length of the highway. His vehicle was still rolling when he saw Miss Mueller approaching in the outer southbound lane. He tried to accelerate but she struck him.

"Q How far into the intersection did you pull to gain vision of oncoming southbound traffic?

A Well, where my eyesight was past the snow pile, so I would say the front end of the car was pretty much across the oncoming traffic of the left lane.

Q How far down the road could you see at that point?

A At that point I could see practically all the way.

Q When you say 'practically all the way', approximately how many feet could you see?"

A Oh, I don't know. Fifteen hundred feet.

Q Could you see the vehicle of Patricia Mueller coming southbound at that time?

A Yes I did.

Q What was the position of your car at that time with relationship to both lanes of southbound traffic? Where was the front end of your car?

A Blocking the full left-hand lane of the southbound traffic.

Q Was your vehicle at all into the right-hand lane of the southbound traffic?

A It's hard to say, *because I was rolling a little* bit, you know. So it's very hard to say exactly what was covering what. But I was rolling at that point. (Emphasis supplied.)

Q What did you attempt to do when you saw the vehicle of Patricia Mueller coming southbound on Route 12?

A To accelerate to get out of the way.

Q Were you able to get out of the way of her vehicle?

A No, I was not."

Miss Mueller was travelling in the outer southbound lane and the collision took place in that lane.

On cross examination the witness testified that Miss Mueller's car was thirty or forty feet away when he first saw it and that his car was rolling across the intersection at the time. He also testified that she might have been travelling down the middle of the road.

Miss Mueller testified that at the time of the occurrence she was travelling south in the outer southbound lane of Route 12. Because of the piled snow she could not see into the Case Road intersection. When she first saw Allen she was twenty-five to fifteen feet from him and he was crossing Route 12. She hit her brakes, but the front end of her car hit the right end of his car. She had been travelling fifty miles per hour, five miles under the speed limit.

On cross examination Miss Mueller indicated that Allen's car did not "inch out" into the intersection as she had observed other cars do on previous occasions. When

she first saw it, it was in the inner southbound lane and was going to be in her path.

Following the testimony of Miss Mueller, Claimant rested its case.

Respondent called as its witness Joseph J. Kostur, a Safety and Claims Officer of the Illinois Department of Transportation. He testified that with respect to plowing snow on a four lane highway with a raised median, the snow in the two outside lanes is plowed onto the shoulders, and the snow in the two inner lanes is piled onto the median. Where there is an intersection this results in a greater amount of snow piled onto the median in the immediate area of the intersection. Medians are never plowed because the configuration of the medians is such that the trucks would get stuck or tip over.

Mr. Kostur further testified that the State has no program to remove accumulations of snow from a median. In this particular case the snow was not removed from the median, but, following the accident, the cross-over was widened to its full width, making it possible for drivers in the cross over to get a better view of oncoming southbound traffic on Route 12.

It is possible that the State was negligent in not widening the intersection cross-over prior to the accident. The intersection was blind both for drivers on Route 12 and for the driver of any vehicle in the cross-over. The fact that the cross-over was so narrow that it could be used by only one vehicle was in itself a hazardous condition.

However, the proximate cause of the collision in the case was not the negligence of the State but the negligence of Allen in rolling out into the intersection when he did not know if there was any oncoming southbound traffic

on Route 12. He had every opportunity to stop his vehicle in the inner southbound lane and let Miss Mueller pass. He did not "inch out" into the intersection as Miss Mueller had observed other cars do, but rolled on out into the intersection without stopping at any point.

Claimant's claim with regard to Allen is barred by Allen's contributory negligence, and its claim as subrogee of Miss Mueller is barred because Allen's negligence, and not the negligence of the State, if any, was the proximate cause of the accident.

It is hereby ordered that this claim be, and hereby is, denied.