(No. 78-CC-1029-

KATHERINE SCHUETT, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 12, 1984.*

WILLIAM S. KECK, for Claimant.

NEIL F. HARTIGAN, Attorney General (FRANCIS M.

DONOVAN, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

The Claimant, Katherine Schuett, seeks recovery for injuries sustained in an automobile accident that occurred on March 4, 1978, at the intersection of Illinois State Route 72 (Higgins Road) and Bartlett Road in northwest Cook County, Illinois.

Claimant contends in essence that the State of Illinois was negligent in the manner in which its employees plowed snow onto the median strip between the eastbound and westbound traffic lanes of Illinois State Route 72 at the intersection of Bartlett Road, and that the snow, as plowed onto the median, created a hazardous condition. The Respondent maintains that the Claimant has failed to show that she was free from contributory negligence as well as denying that the State was negligent.

This matter was heard by a commissioner on July 25 and September 29, 1979, and according to Respondent's brief, both sides are in agreement as to the material facts. On March 4, 1978, Claimant was travelling in a westerly direction on Route 72 with the intention of turning left (south) on Bartlett Road. Upon arriving at the intersection, Claimant was in the left turn lane where she stopped for a red light. While waiting for the light to change, she noticed snow piled up to eight feet high, equally wide, and perhaps 100 feet long, extending from the west edge of Bartlett Road and running down the median between the east and west lanes of Route 72. According to Claimant, the mound of snow blocked her entire view of all oncoming eastbound traffic. As the light turned green, Claimant proceeded to slowly move her car into the intersection, apparently stopping every few feet, in order to turn left. Claimant testified, "I kind of crept up a little forward, you know, sort of inch by inch. I was looking to my left for eastbound traffic". Suddenly, without any warning, Claimant's vehicle was struck by an eastbound auto wherein she sustained injuries requiring four days hospitalization, she was unable to return to work for six and one-half months, and her car was totally demolished.

The State first contends that it is not an insurer of the condition of its roadways. This Court has set forth the applicable standard or duty of care that is imposed on the State in maintaining its highways in many cases. In *Turkin v. State* (1957), 30 Ill. Ct. Cl. 417, the Court stated:

"Respondent is not an insurer of either the condition of all roadways within its jurisdiction and control, or the safety and well being of all persons traveling thereon. Rather, Respondent is chargeable only with maintaining its roads in a reasonably safe condition for the purpose for which they are intended." 30 Ill. Ct. Cl. 417, 419.

Certainly, the reasonableness standard set forth in *Turkin, supra,* applies to medians.

There are two essential elements that Plaintiff must prove: One, before Claimant may recover, she must prove by a preponderance of the evidence that the Respondent was negligent. In *Illinois Ruan Transport v. State* (1973), 28 Ill. Ct. Cl. 323, the Court set forth the elements and burden of proof for a claimant in proving a negligence action as follows:

"Before Claimant may recover, it must prove by a *preponderance of evidence* that . . . (2) . . . Respondent was negligent . . ." 28 Ill. Ct. Cl. 323, 327. (Emphasis added.)

Here, Claimant is contending that the Respondent's negligence involved the plowing of the snow from Route 72 onto the center median strip rather than to the sides of the highway, thereby creating a hazard to the travelling public. The State argues that its primary duty was to maintain the roadway proper by removal of the snow and that it was in the reasonable performance of its duty that the State plowed the snow onto the median as well as the shoulders. Its contention in essence is that having performed its primary duty of clearing snow from the roads, we may not impose the additional burden of clearing the shoulders and medians.

While that is true, it is also an obligation of the State, however, to exercise reasonable care in the performance of its duties, and here it seems to us that the State's own plowing operations created the dangerous condition and the fact that the mound of snow was plowed onto the median is of no consequence if the plowing in the first instance is done in a hazardous manner.

Two days after the accident, Mr. Fred Bartuch, a State employee responsible for the snow plowing on Route 72, the intersection where the accident occurred, and his crew used equipment to cut down the snow over two feet, "for better visibility," as he explained.

Secondly, before the Claimant may recover, she must prove by a preponderance of the evidence that she was free from contributory negligence. In *Illinois Ruan Transport Corp. v. State, supra,* the Court held:

"Before Claimant may recover, it must prove by a *preponderance of the evidence* that Claimant was free from contributory negligence . . . ." 28 Ill. Ct. Cl. 323, 327. (Emphasis added.)

Here, the State cites cases that when facing a known danger on a public highway, the Claimant is under a duty to exercise that degree of care commensurate with the known danger. In *Mounce v. State* (1951), 20 Ill. Ct. Cl. 268, the Claimant was travelling on a State road when his car hit a patch of ice, skidded and struck a bridge. The evidence indicated that he had prior knowledge of the existence of the ice patch, having travelled over the area twice within 11 hours of the accident. The Court, citing *Dee v. City of Peru* (1931), 343 Ill. 36, set forth the following standard:

"It has long been the rule in this State that it is the duty of persons about to cross a dangerous place to approach it with care commensurate with the known danger, and when one on a public highway fails to use ordinary precaution while driving over a dangerous place, such conduct is by the general knowledge and experience of mankind condemned as negligence." 20 Ill. Ct. Cl. 268, 270.

*Witt v. State* (1969), 26 Ill. Ct. Cl. 318, involved a claim for property damages sustained in an accident caused by a patch of thick smoke obscuring the vision of motorists on a State route. Claimant drove into the smoke proceeding at a speed of 25 to 30 miles per hour and struck the rear of a truck which had stopped on the highway amidst the smoke. The Court, citing *Ames v. Terminal R.R. Association* (1947), 332 Ill. App. 187, noted as follows:

"Persons approaching a place of danger have a duty to do so cautiously and with a proper degree of care for their own safety, the degree of care required being determined by the danger to which they are knowingly exposed. A person has no right to knowingly expose himself to danger, and then recover

for an injury, which he might have avoided by the use of care for his own safety." 26 Ill. Ct. Cl. 318, 322.

## Finally, the Court stated:

"It does not appear that Claimant acted with due care and caution in driving into dense smoke, which was clearly visible from a distance, and then proceeding at 25-30 miles per hour without being able to see what was in front of him.

Where the highway is of such condition that one can see nothing ahead, it is not reasonable to proceed at 25-30 miles per hour, if at all." (26 Ill. Ct. Cl. 318, 323.)

But those cases are not dispositive here. We agree with the cases cited in Respondent's brief, but we believe that they more forcefully suggest that the Claimant did indeed approach a dangerous condition that the State through its negligent act created.

As to whether or not the Claimant was indeed free of contributory negligence in her attempt to navigate a left-hand turn, we must review our recent decision of *Aetna Insurance Co. v. State* (1981), 34 Ill. Ct. Cl. 167, which was, we think, an almost precisely parallel fact situation. There, Claimant intended to make a left-hand turn onto Case Road from Route 12 in Lake County, Illinois, and found his vision obstructed by snow plowed six feet deep onto the median. He pulled slowly into the intersection and upon finally seeing an oncoming car, attempted to accelerate through the intersection where he was struck. We stated there:

"It is possible that the State was negligent in not widening the intersection cross-over prior to the accident. The intersection was blind both for drivers on Route 12 and for the driver of any vehicle in the cross-over. The fact that the cross-over was so narrow that it could be used by only one vehicle was in itself a hazardous condition.

However, the proximate cause of the collision in the case was not the negligence of the State but the negligence of Allen in rolling out into the intersection when he did not know if there was any oncoming southbound traffic on Route 12. He had every opportunity to stop his vehicle in the inner southbound lane and let Miss Mueller pass. He did not 'inch out' into the intersection as Miss Mueller had observed other cars do, but rolled on out into the intersection without stopping at any point." (34 Ill. Ct. Cl. 167, 170.)

In the instant case, we feel the Claimant, Katherine Schuett, in moving "inch by inch through the intersection" used as much caution as was possible. In fact, we can think of no other more cautious way that she may have attempted to navigate the dangerous intersection created by the State's plowing techniques.

Based on the foregoing, we find that the Claimant is entitled to recover for damages sustained in the automobile accident that occurred on March 4, 1978. As to the amount the Claimant is entitled to recover, the record shows that she was knocked unconscious, sustained a fracture of the right clavicle, suffered cuts on her nose and face, and had glass enter her right ear. These injuries caused her to spend four days in the hospital. The Claimant's description of any permanent injuries is highly questionable, as is her claim for over six months loss of work. It is difficult for the Court to comprehend that the injuries sustained necessitated this long a period for recovery and there was no medical testimony to substantiate it. The Claimant's car damage was recovered by her insurance company. She did, however, have to replace eyeglasses that were broken in the accident. We find that the Claimant has proven damages in the amount of $5,000.00.

It is hereby ordered that the Claimant be, and hereby is, awarded the sum of $5,000.00.