(No. 76-CC-0296—

BETTY J. BAGGETT, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 2, 1980.*

JOHN OLIVERO (WILLIAM LASORELLA, of counsel), for Claimant.

CLAUSEN, MILLER, GORMAN, CAFFREY & WITOUS (RICHARD C. HOWSER, of counsel), for Respondent.

POCH, J.

Claimant seeks recovery for damages arising out of an accident on September 4, 1974.

The instant claim is based on three counts; the first of which is for personal injuries allegedly sustained by Betty J. Baggett; Count II is brought by said Betty J. Baggett on behalf of Patty S. Baggett, a minor; and Count III brought by said Betty J. Baggett on behalf of Tammy R. Baggett, a minor, also seeking recovery for injuries allegedly sustained by said minors.

The Claimant alleges that the Respondent was negligent in failing to maintain a State Highway known as U.S. Route 6, at a point approximately six miles west of Princeton, Illinois.

The incident complained of occurred at approximately 5:00 p.m. on September 4, 1974, while Claimant was operating a vehicle traveling in a westerly direction on said U.S. Route 6, a 2-lane highway, at a speed between 45 and 50 miles per hour. At or near the intersection of said U.S. Route 6 with Pilgrim Park Road, Claimant testified that the vehicle she was operating struck a hole in the road at a point where the surface of the paved highway appeared to taper into an older section of pavement. Claimant testified that as she hit the hole she lost control of the vehicle and went off to the right into the shoulder, which she testified had holes and ruts, thereby losing control of the vehicle and struck a culvert, causing damage to the vehicle and injuries to her person. Her two minor daughters, Tammy R. Baggett and Patty S. Baggett, were passengers in the vehicle, one sitting beside her in the front seat and one sitting in the back seat of the vehicle. Claimant further testified that the section of the highway at the point of narrowing was at least one foot narrower than the width of the portion

to the east upon which she had been traveling and that said narrowing, together with the hole which was located on the pavement, caused her to lose control of the vehicle.

It must be noted that Claimant had traveled upon this road a number of times previous to the incident, and that immediately prior to the accident the weather was clear and that she could see the roadway ahead of her as she passed the Pilgrim Park Road. She also stated that the area of the accident was flat, with no obstructions whatsoever, and that the two portions of the roadway in question had distinctly different colors. Claimant further testified that it was her habit to drive next to the outside of the road.

The Court has consistently held that the State of Illinois is chargeable with only maintaining its roads in a reasonably safe condition for the purpose for which they are intended, and it follows therefore the Claimant must, in order to prevail, prove by a preponderance of the evidence that the Respondent breached its duty and that the breach proximately caused the injuries to her. This, the Claimant has failed to do.

The Claimant has the further burden of proving freedom from contributory negligence and based upon the testimony of witnesses called by the Claimant as well as the photographs introduced, the Court is of the opinion the Claimant did, in the operation of her vehicle, contribute to the accident.

Recovery is therefore denied.