(No. 82-CC-1830– )

MICHAEL MURPHY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 2, 1983.*

DILLING, DILLING & GRONEK, for Claimant.

NEIL F. HARTIGAN, Attorney General (SANDRA L. ANDINA, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant is an independent truck driver who was engaged in hauling lettuce from Seattle, Washington, to Chicago.

On February 10, 1982, Claimant entered an Illinois weigh scale on Highway 55 at Collinsville. He was advised by the weigh master that he was overweight and he was directed to pull his tractor and trailer around to the rear of the scale house. At the rear of the scale house, there is a concrete roadway 23 to 24 feet wide with a seven- or eight-foot asphalt shoulder. The roadway leads to a parking area where the trucks are to park. Claimant went around the scale and onto the concrete portion of the roadway to proceed to the parking area. There was a truck parked on the curve leading to the parking area and Claimant attempted to pass around on the inside of this parked truck. As Claimant was making his turn, his

back trailer tandem on the right side went off the concrete and the asphalt shoulder and into the median area which is grass. The rear tandem went into a rut, or hole, in the median that was filled with ice and frozen water, and as a result, the trailer tipped to a 45° angle. While waiting for a wrecker to right the trailer, the trailer fell over on its right side.

Claimant is claiming damages resulting from being out of employment for some period of time and is also claiming damages for expenses incurred by him relative to the accident complained of. The total claim is for $8,754.00.

The evidence shows the only negligence was on the part of Claimant in attempting to pass on the inside of the parked truck which necessitated that he go onto the grass parkway. It was Claimant's own actions, and nothing that was done on the part of Respondent, that caused Claimant's accident.

This Court has consistently held that the State of Illinois is chargeable with only maintaining its roads in a reasonably safe condition for the purpose for which they are intended, and that Claimant must, in order to prevail, prove by a preponderance of the evidence that Respondent breached its duty and that the breach caused the injuries to Claimant.

The proximate cause of injuries in the present case was the action of Claimant himself in pulling off the paved surface of the highway onto the grass parkway.

The proximate cause of the accident being the action of Claimant alone, this claim is hereby denied. See *Baggett v. State* (1980), 34 Ill. Ct. Cl. 51.