(No. 80-CC-1549—)

URBAN J. LOUIS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 23, 1983.*

WILLIAM A. PRYOR, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This claim arises from an automobile accident which occurred on Thursday, March 9, 1978, at approximately 10:30 a.m. at the intersection of Toronto Road and the southbound exit ramp from I-55 south of Springfield, Illinois.

Claimant was driving his 1978 Honda Civic automobile from his office in Springfield to his home south of the city. This was the route he customarily used and therefore was very familiar with the traffic conditions on said road.

The evidence indicates that between March 6 and March 11, 1978, approximately 11 inches of snow fell in the Springfield area. Since the accident happened on March 9, three days after the snowfall began, and since the snow piled on the side of the highway was already 10 feet in height, the evidence is clear there had been an extremely heavy snowfall. Claimant testified that he did not remember a great deal about the storm and did not know whether it was snowing on the day in question. The snow had been plowed off Toronto Road and also off the southbound exit ramp of I-55. The greater portion of the removed snow had been piled on the north side of Toronto Road and the east side of the exit ramp so that the pile of snow totally obstructed Claimant's view when he stopped at the intersection at the top of the exit ramp and looked to his left eastward down Toronto Road.

The explanation given for piling the snow in this particular area was that the prevailing winds in this area were from the west and northwest and to pile it west of the highway would only result in it being blown back across the road and necessitate another removal of the same snow. The evidence shows the piled snow had reached a height of up to 10 feet. When Claimant ap-

proached this intersection, he was unable to see the westbound traffic on Toronto Road without pulling the front of his auto out into the westbound lane about six to seven feet beyond the edge of the intersection. When Claimant eased his auto out onto Toronto Road that morning to try to look for westbound traffic, he was struck at the driver's door by an auto westbound on Toronto Road.

Claimant, as a result of the accident, suffered injuries to his person and damage to his vehicle.

Claimant testified that he believed the Illinois Department of Transportation cleared the snow from Toronto Road and the exit ramp off I-55. The evidence shows that the snow on the exit ramp was plowed by Respondent and the snow on Toronto Road was plowed by Sangamon County.

Respondent's position is that the State is not responsible for the accumulation that obstructed Claimant's view. The evidence shows that both Respondent's plows and those of Sangamon County pushed the snow into the area on the shoulder where the pile of snow was located that obstructed Claimant's view.

The issue in this case is whether the piling of the snow so as to obstruct Claimant's view constitutes negligence and whether Claimant's acts constitute contributory negligence.

The evidence is clear that for several days prior to the accident in question snow had been accumulating in this area so that by the time the accident occurred there was approximately 11 inches on the ground. This heavy snowfall, which occurs only once every few years, necessitated a tremendous amount of work on the part of the State and Sangamon County who were obliged to remove this obstruction to traffic.

The testimony of the State engineer was to the effect that the first priority of the State on occasions such as this is to remove the snow and secure the opening of the highway.

A dilemma is created by such a heavy and extraordinary snowfall. A decision must be made whether to try to maintain the useability of the highway by removing the snow in such a manner that it will not create any additional hazards or to remove the snow by piling it in places where it could be piled until the storm had abated and Respondent had sufficient time to remove the piles of snow which could result in problems for the traveling public. In this instance, the State chose to keep the highway open. The record shows this storm had continued for several days and, as a result of the accumulation of snow, it was necessary to clear the intersection and pile the snow where it obstructed the Claimant's view. This accident occurred on March 9 and, according to the record, the storm continued until March 11, which would indicate that Respondent was so thoroughly engaged in keeping the highways open that it did not have time to remove the accumulation of snow piled on the shoulders of the highways.

The evidence indicates that Claimant also exercised all due care that he could under the circumstances so he was not guilty of contributory negligence.

This Court has held on many occasions that the State is not an insurer against all accidents which occur on its highways, but it does have a duty to keep its roads in a reasonably safe condition. *(National Bank of Bloomington v. State* (1980), 34 Ill. Ct. Cl. 23.) This Court has also held that the State of Illinois is chargeable with only maintaining its roads in a reasonably safe condition for the purpose for which they are intended and that Claimant must, in order to prevail, prove by a preponderance

of the evidence that Respondent breached its duty and that the breach proximately caused the injuries to Claimant. *Baggett v. State* (1980), 34 Ill. Ct. Cl. 51.

In the present case, the record is clear that the area in which the accident occurred had been involved in a heavy snowstorm which lasted for several days and accumulated up to 15 inches of snow, and that the State and other municipal bodies desperately tried to maintain the highways. It is unfortunate this accident occurred, particularly in view of the fact that Claimant was doing everything he could to avoid an accident.

The record does not disclose when or how much snow last fell before the time of Claimant's accident. Claimant introduced no evidence as to when or how much snow had fallen prior to the accident but, as above stated, the fact that the snow piled on the east side of the highway was approximately 10 feet in height on the date of the accident, March 9, clearly indicates there had been a heavy snowfall. Claimant could not recall how long before this accident the pile of snow had obstructed his view or whether it had been present the last time he had used the exit ramp, although he testified he used the same route going to and from his place of occupation. Since the accident occurred on a Thursday morning, presumably Claimant had been on the same exit ramp the preceding day.

The Court is of the opinion that the evidence is clear that due to the length of the storm, which continued even after the date of the accident, and the amount of the snow involved, the State did not have an opportunity to remove the snow bank it had created by piling the snow in the area which obstructed Claimant's view. Respondent, if it had chosen to remove the snow that was being piled, would have diverted its crews to that task rather than opening the highways and would therefore have

caused even greater difficulty for the traveling public. Respondent must be given a reasonable length of time after the highways have been cleared to remove obstructions such as those in this particular case.

To find Respondent responsible for this accident would place the State in the position of being an insurer of all accidents occurring upon its highways and that is not the law of the State of Illinois. It is unfortunate that all of the traveling public did not observe the same rules of traveling that were exercised by Claimant. If such were the case, accidents such as this one would be avoided.

The Court is of the opinion that the State was not negligent in its duty and that it was doing all in its power that could reasonably be expected in situations such as occurred in this case.

Award denied.