(No. 78-CC-1655—

ERNEST T. CALVERT and KENNETH E. WILLIAMS, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 23, 1985.*

McGLYNN & McGLYNN (JAMES McGLYNN, of counsel), for Claimants.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises from an automobile accident which occurred on January 23, 1978, in an intersection of old Route 3 and Route 3 near the railroad depot north of Cairo, Illinois.

Claimants were passengers in a 1968 vehicle being operated by a Mr. Crisman. The accident occurred when the vehicle containing the Claimants attempted to make a left turn from Route 3 onto old Route 3 and was struck by an oncoming vehicle.

Prior to the date of the accident there had been a substantial snowfall of some 10 to 12 inches which had accumulated over a period of three to four nights and had caused the State to plow the area several times. The evidence showed clearly that there were large piles of snow at either side of the median access, approximately five feet deep and over 20 feet long.

These piles of snow hindered the driver of the vehicle containing the Claimants from seeing oncoming traffic as he approached the intersection to make his left turn. The driver testified that he slowed his vehicle down to a barely forward movement and crept out into the oncoming traffic lane to see if there were any approaching vehicles. When he did so, a vehicle approaching at a high rate of speed struck the automobile of the Claimants. As a result of this collision, the Claimants were seriously injured.

Claimants argued that the State was negligent in piling the snow around the median in question in a manner which obstructed vision. Claimants further argued that this negligence proximately caused the injuries sustained by the Claimants. Respondent argues that the piling of snow as occurred in the present case

was not negligent; and even if it was, the statement of the Illinois Supreme Court in *Briske v. Village of Burnham*, 397 Ill. 193, is applicable to the present case:

"If a negligent act or omission does nothing more than furnish the condition making an injury possible, and such condition, by the subsequent independent act of a third person, causes an injury, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury."

This Court has held on many occasions that the State is not an insurer against all accidents which occur on its highways, but it does have a duty to keep its roads in a reasonably safe condition. (*National Bank of Bloomington v. State* (1980), 34 Ill. Ct. Cl. 23.) This Court has also held that the State of Illinois is chargeable with only maintaining its roads in a reasonably safe condition for the purpose for which they are intended and that Claimant must, in order to prevail, prove by a preponderance of evidence that Respondent breached its duty and that breach proximately caused the injuries to Claimant. *Louis v. State* (1983), 35 Ill. Ct. Cl. 741.

The *Louis* case arose from a factual situation which was similar to the case at bar. In *Louis*, an intersection accident took place when, due to the State piling snow 10 feet high on a median, the driver of a vehicle making a left turn crept into an oncoming lane and was struck by another vehicle. The court concluded in the *Louis* case that the State had attempted to maintain its highways in an open condition. Furthermore, in consideration of the amount of snow involved, the State did not have an opportunity to remove the snowbank created by piling the snow in an area obstructing the view of motorists. In the instant case, Claimant offered no evidence that the State of Illinois had ample opportunity to remove the snowdrifts constituting the obstruction to the views of the motorists between the accumulation and the time of the accident in question. Respondent must be given a

reasonable length of time after highways have been cleared to remove obstructions such as those in this case. *Louis v. State, supra.* Holding the Respondent responsible for this accident would place the State in a position of being an insurer of all accidents occurring upon its highways and that is not the law of the State of Illinois. See also *Aetna Insurance Co. v. State* (1981), 34 Ill. Ct. Cl. 167.

For the foregoing reasons, we conclude that the Claimant's claim in this case cannot be allowed. Because this matter was disposed of in the foregoing manner, we do not deem it necessary to review the other issues raised in the briefs.