(No. 88-CC-0634—)

BOBBY COX, SR., and JUDY COX, Claimants, *v.*
THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 20, 1993.*

HASSELBERG & ROCK, for Claimants.

ROLAND W. BURRIS, Attorney General (MARY ELISE
WALDEN, Assistant Attorney General, of counsel), for
Respondent.

OPINION

PATCHETT, J.

This case arises as a result of an auto accident which
occurred on November 22, 1985, in Danville, Illinois.
There is a four-lane bridge on State Route 150 in the city
of Danville known as the Ellsworth Park Bridge. The Illinois Department of Transportation has responsibility for
maintenance of this bridge, and the bridge is located
approximately five or six blocks from the Department of
Transportation storage area. The bridge is a very heavily
used bridge in the Danville area.

The Danville transportation area is divided into
three sections, the north, the central, and the south. The
Ellsworth Park Bridge lies within the central section. A
truck is assigned to each section.

On November 21 and 22, 1985, the weather forecast
contained a 70% chance of sleet and/or freezing rain. A

truck patrol was sent out on the evening of November 21, 1985, to watch for evidence of sleet or frost, and to treat the road after sleet or frost was discovered. The Department of Transportation policy was to treat bridges first because bridges would freeze before roadways. In addition, employees are to treat the most heavily traveled areas first.

At approximately 6:00 a.m., on November 22, 1985, frost started to develop on the bridges and several accidents were reported to the Illinois Department of Transportation.

A Department of Transportation employee who drove the truck assigned to the central section testified that he had treated the bridge at 5:10 a.m., although that was probably before moisture began to form. At approximately 6:45 a.m. on November 22, 1985, the accident in question occurred. The accident was serious, and there is no doubt that serious damages were incurred as a result of the accident.

The real question before this Court is whether a tort has been committed for which the State is responsible. The State undoubtedly has a responsibility to treat its bridges for moisture in a reasonable manner, and/or to warn of the condition of the bridges if they are not treated. However, the State is not an insurer of the condition of its highways. In this case, only 45 minutes elapsed from the time the first evidence of moisture accumulation occurred until the accident. There was simply not enough time, given the present set of facts, for which the State can be held liable for failure to treat or failure to warn. We therefore hold that the State did not fail to do an act which it had a reasonable opportunity to perform, and therefore is not liable for the unfortunate accident which

occurred in this case. *Illinois Ruan Transport Corp. v. State* (1973), 28 Ill. Ct. Cl. 323; *Schuett v. State* (1984), 36 Ill. Ct. Cl. 62; *Calvert & Williams v. State* (1985), 38 Ill. Ct. Cl. 104; *Pryor v. State* (1983), 35 Ill. Ct. Cl. 741.

For the foregoing reasons, we hereby deny this claim.